## CLARK AND ANOTHER *v.* BOND.

PRACTICE.—EVIDENCE.—Witnesses for the defense were impeached by evidence that they had stated matters at other times not consistent with the testimony which they gave under oath. The defendant then offered to show, by competent witnesses, that the general character for truth of the impeached witnesses was good, which the court refused to permit.

*Held*, that the evidence offered in support of the good character for truth of the impeached witnesses should have been received.

*Held*, also, that the error of the court in refusing the evidence offered was sufficiently embraced in the cause assigned in the motion for a new trial, which was in these words: "for refusing to allow the defendants to introduce evidence of the good character of their witnesses."

APPEAL from the *Tipton* Common Pleas.

FRAZER, J.—The record before us evinces great industry below in making questions, and it is swelled to huge proportions thereby; and yet it happens that, by a series of accidents or oversights, but two, out of several score of these questions, are before us. We are asked to reverse the case upon the evidence; and yet the record does not purport to contain all the evidence which was given upon the trial below. Motions to suppress depositions and parts of depositions, so many that it would be no small labor even to count them, were made and overruled below, and we are

expected to review these rulings; but none of them were assigned as cause for a new trial. It is claimed that error was committed in giving and refusing instructions to the jury, and yet this was assigned as cause for a new trial in the most general way, so that, according to repeated decisions of this court, no notice can be taken here of the questions thus made. The sufficiency of the complaint is attacked, and we are besought, on account of its vices, to reverse the plaintiff's judgment. But there is no assignment of error which presents the question.

The court did not err in sustaining a demurrer to the fifth paragraph of the answer. The question is too plain to require or justify any extended remarks concerning it.

The question before the jury upon which the case turned was whether or not there had been a partnership between the parties in certain transactions. The plaintiff had witnesses who testified to its existence; the defendants had witnesses testifying directly to the contrary. The jury were thus forced to pass upon the credibility of the witnesses. Several of the defendant's witnesses were impeached by evidence that they had stated matters at other times not consistent with material testimony which they gave under oath. The proper foundation was laid for this impeachment. The defendants then offered to show, by a number of persons, that the general character for truth of the impeached witnesses was good, but the court refused to permit it. This was error, we think, and as the case stood it was probably fatal to the defense. *Brown v. Mooers*, 6 Gray 451, is in accordance with the ruling below, but sound reason and the great weight of authority are the other way. 1 Green. Ev. sec. 469, and note, in which the cases are collected.

It is contended for the appellee that the motion for a new trial was not sufficiently specific in assigning this action of the court as a cause. But we think otherwise. Only one offer of evidence of this kind was made and ruled upon, and the motion for a new trial assigns it as a cause in these

words : "For refusing to allow the defendants to introduce evidence of the good character of their witnesses." Under such circumstances, it would be utterly disregarding common sense to say that the motion did not so specify the ruling as to call the attention of the presiding judge to it, so that he could not mistake the matter alluded to.

The judgment is reversed, with costs, and the cause remanded for a new trial, with directions to allow both parties to amend their pleadings.

*G. H. Voss* and *J. O'Brien*, for appellants.

*D. Moss, J. L. Ketcham* and *J. L. Mitchell,* for appellee.