Ryman *et al. v.* Crawford *et al.*

————◆————

No. 9761.

RYMAN ET AL. *v.* CRAWFORD ET AL.

BILL OF EXCEPTIONS.—Where time is given at the term of trial, on overruling a motion for a new trial, for a bill of exceptions, and one is filed in time, it embraces all rulings made during the trial.

Ryman *et al. v.* Crawford *et al.*

WILL.—*Contest of.—Undue Influence.—Evidence.—Conversation.*—In the contest of a will, evidence of conversations with a legatee (a daughter) who is alleged to have exerted undue influence, showing a desire that a will be executed, or making predictions as to its contents, not realized, or that but for her no will would have been made, has no tendency to show undue influence, and may be excluded. So, evidence that the testator did not, for a period of seven years before his death, list his cash on hand for taxation, may be properly excluded.

SAME.—*Sanity of Testator.— Witness.—Expert.—Opinion.*—A person not an expert, after testifying that he had long known the testator, being a neighbor, had often dealt with him, and conversed with him both before and after the execution of his will, is a competent witness to give an opinion as to his soundness of mind.

INSTRUCTIONS.—*Verdict.—Harmless Error.*—When it appears that the verdict is right, and that an instruction not applicable to the evidence certainly did no harm, the Supreme Court will not reverse for the error in giving the instruction.

From the Union Circuit Court.

*J. R. McMahan, W. K. Jones* and *W. H. Jones,* for appellants.

*H. Berry, Jr., F. Berry, J. F. McKee* and *D. W. McKee,* for appellees.

BICKNELL, C. C.—The appellants brought this action against the appellees to contest the will of Alexander Crawford. The action was commenced in the Franklin Circuit Court. The complaint was in three paragraphs. The first alleged that the probate of the will was invalid, because one of the pretended witnesses to the will was not present at its execution, and did not see the testator sign it, nor did the testator acknowledge to her his signature thereto, nor did she ever sign said will as an attesting witness. The second paragraph alleged that the execution of said will was procured by the undue influence of the defendant Margaret Crawford, a daughter of said Alexander Crawford, by whom he was falsely and fraudulently induced, persuaded and forced to make said will contrary to his own wishes. The third paragraph alleged, that when said will was made said testator was of unsound mind, and incapable of disposing of his property.

It was averred, in the complaint, that the testator's children and heirs at law were the plaintiffs Jane Ryman and Elizabeth Crawford, and the defendants John Crawford and Margaret Crawford.    The other plaintiff was the husband of Jane Ryman, and the other defendants were devisees under the will.

Exhibit A, to the complaint, was a copy of the will, as follows:

"I make the following as my last will and testament:    I give to my daughter Jane, the wife of Alanson Ryman, the west part of the northwest quarter of section fourteen in township eight and range two, containing ninety acres, in Franklin county, Indiana, to hold and use during her natural life, without being liable for waste or any debts that she may contract, and after her death to be divided among her children..    I give to my son John the south part of southeast quarter of section ten of town eight, range two, containing one hundred and eight acres, and the southwest corner of section eleven in town eight and range two, containing forty-six and ten hundredths acres, in Brookville township, Franklin county, Indiana.    The residue of my estate I leave for the support of my daughters, Margaret and Elizabeth, during their natural lifetimes, and appoint my son John their guardian, and, at their death, what shall be left from their support to be his.

"In testimony I have hereunto set my hand and mark and seal, May 18th, 1880.                                his

                            "ALEXANDER  ✕  CRAWFORD.

                                mark

"The undersigned, signed in the presence of the testator and of each other, saw him and each other affix their names as witnesses, in his presence, this 18th day of May, 1880.

                            "A. LINDSY.

                            "GEORGE BERRY."

It was averred in the complaint that the testator died on the 24th day of November, 1880, seized of real estate of the value of $10,000, and owning personal property of the value of $2,000.    The defendants John Crawford and Margaret

Crawford answered the complaint by a general denial. The other defendants, who were minors, answered in denial by their guardian *ad litem*. The plaintiff Jane Ryman then filed an affidavit that she could not obtain a fair trial in Franklin county by reason of an odium attaching to her cause of action, on account of local prejudice. Thereupon the venue was changed to the Union Circuit Court. The cause was tried by a jury, who returned the following verdict: "We, the jury, find for the defendants." This was at the March term, 1881. The plaintiffs filed a motion for a new trial, stating eleven reasons therefor, of which the first five charge errors of the court in refusing to admit evidence offered by the plaintiff; the next three charge errors of the court in admitting evidence offered by the defendants; the ninth charges errors of the court in giving to the jury instructions numbered from one to nine inclusive, and in giving each of said instructions; the tenth reason is that the verdict is not sustained by sufficient evidence; and the eleventh reason is that the verdict is contrary to law. This motion was overruled at the same term at which the cause was tried.

The record shows that the plaintiffs excepted to the overruling of the motion for a new trial, and also excepted to the judgment which was rendered on the verdict in favor of the defendants, and that on the 31st day of March, of the March term, 1881, the term of trial, sixty days were allowed to plaintiffs within which to file their bill of exceptions. The plaintiffs appealed from the judgment.

The only error assigned is overruling the motion for a new trial.

The appellees claim that the bills of exceptions "do not present any question as to the rulings of the court below in admitting or excluding evidence, because neither of said bills of exceptions shows that at the time any of such evidence was admitted or excluded the appellants prepared, or were granted a definite time to prepare, a bill of exceptions, but they do

show that no time was then asked or given to reduce any exception to writing."

The bills of exceptions, however, show that the appellants excepted at the proper time, and that when their motion for a new trial was overruled, before the term of trial had expired, they were granted time to prepare and file their bills of exceptions, and that the same were filed within the time so granted.

The question here presented was determined by this court in *Pitzer* v. *Indianapolis, etc., R. W. Co.*, 80 Ind. 569. There the court said : " Where leave is granted at the time the motion for a new trial is overruled, and during the term at which the exceptions were taken, it may well be held that it reaches back to and embraces all rulings made during the trial." The case was distinguished from *Sohn* v. *Marion, etc., Co.*, 73 Ind. 77, and *Backus* v. *Gallentine*, 76 Ind. 367, because in those cases leave was not obtained at the term when the rulings excepted to were made. It was distinguished from *Goodwin* v. *Smith*, 72 Ind. 113 (37 Am. R. 144), and *Alcorn* v. *Morgan*, 77 Ind. 184, because in those cases the exceptions were to rulings upon the pleadings and not to rulings made, as in this case, during the progress of the trial. We think the questions as to the rulings upon the evidence are properly before us.

The first question excluded and discussed in appellants' brief is the following question to the plaintiff Elizabeth Crawford, she having stated as a witness that she had a conversation with the defendant Margaret relative to the making of the will after the will was made :

" Question. State that conversation." Upon objection by defendants, the plaintiffs' counsel stated that by the answer to said question they expected to prove that said Margaret stated to witness shortly after the making of the will, that " when Bradbury Cottrell came there would be a new will made by her father, and that she, Margaret, and her brother John did not get enough as the will then stood."

We think this was properly excluded. It would merely

have tended to show that Margaret was dissatisfied with the will, and wanted a different one.

The next matter excluded was a conversation between the plaintiff Elizabeth and the defendant Margaret, before the making of the will, as to what the will should contain. The question put to Elizabeth was: " Please state that conversation." Upon objection, the plaintiffs' counsel stated that they proposed to prove that Margaret stated to Elizabeth, not long before the execution of the will, that " she had tried for years to get her father to make a will, and that, if he made one, she, Lizzie, would not have anything left to her; that it would be left in somebody else's hands, to be dealt out as Margaret might direct and as Lizzie might need it."

We think this was properly excluded. It does not tend to show any undue influence exercised by Margaret; in fact, the will gave to Margaret no control over her sister's property or her own either. The interests of both were placed under the control of a trustee, in the will denominated a " guardian." The fact that a daughter desires that her father should make a will amounts to nothing.

The next matter excluded and mentioned among the causes for a new trial, was a conversation between said Margaret and said Elizabeth, after the will was made.

The question put was: " State that conversation." Upon objection, the plaintiffs' counsel stated that they expected to prove that defendant Margaret stated to the witness Elizabeth, shortly after the execution of the will, " that her father would not have made a will had it not been for her; Margaret Crawford." We think this, also, was properly excluded. It would not tend to show undue influence; but, if it had such tendency, the admissions of Margaret would not bind her co-defendants. *Hayes* v. *Burkam*, 67 Ind. 359. The appellants claim that all these statements were competent, not as admissions, but as " verbal acts." But, however regarded, they had no tendency to prove undue influence; and, if admitted, they would not have changed the result of the trial.

The fourth and fifth reasons for a new trial are, that the court refused to permit evidence to be introduced by the plaintiffs that the testator had $700 in gold and silver coin, which was liable to taxation from 1873 to 1880, inclusive, and failed to mention it in his assessment list for taxation, in each of said years, and that, after his death, the unpaid taxes thereon were paid by the defendant John Crawford; and that the court erred in refusing to admit in evidence a certified copy of the tax duplicate, offered by plaintiffs, in order to prove said payment by said John Crawford.

We find no error in the exclusion of this evidence.

The sixth and seventh reasons for a new trial are, that the court permitted Lavina Bossart and George Nyce to give their opinions as to the soundness of the testator's mind, although they were not experts.   George Nyce was a neighbor of the testator.   He had known him for upwards of twenty years; he had had frequent conversations with him, and dealings with him, before the execution of the will, and had seen and conversed with him shortly after the execution of the will.   Having thus stated the grounds of his opinion, his opinion was competent, although he was not an expert.   *State, ex rel. Nave,* v. *Newlin,* 69 Ind. 108; *Doe* v. *Reagan,* 5 Blackf. 217 (33 Am. Dec. 466); 1 Greenl. Ev., sec. 440, note 4; *Rush* v. *Megee,* 36 Ind. 69, 78.   The seventh reason for a new trial, which relates exclusively to the admission of the testimony of Lavina Bossart, is not discussed in the appellants' brief, and is, therefore, regarded as waived.

The eighth reason for a new trial is expressly waived by the appellants in their brief.   The ninth reason for a new trial questions the correctness of each of the nine instructions given by the court of its own motion.   We have examined these instructions.   Every one of them contains the substance, and nearly all of them the words, of charges heretofore held to be valid by this court, in cases involving the same questions, substantially, as this case.

The first, fifth, sixth, seventh and eighth are copies of the instructions Nos. 2, 9, 14, 15 and 6, which were sustained by this court, in the case of *Bundy* v. *McKnight*, 48 Ind. 502. Instruction No. 4 corresponds exactly with the charge sustained by this court in the case of *Hayes* v. *West*, 37 Ind. 21, 24.    Instructions Nos. 2 and 3 are substantially the same as the charge sustained by this court in *Lowder* v. *Lowder*, 58 Ind. 538.    The only objection to be made to instructions thus approved by this court is, that they were not applicable to the evidence.    The appellant makes that objection ; but we think they were applicable to the evidence here, except the latter part of the eighth instruction.    The motion for the new trial mentions nine instructions.    In fact, there were only eight.

The latter part of the eighth instruction was as follows : " In determining the true character of the will in question, in reference to the parties to this suit, it will be proper for you to consider the pecuniary circumstances of the respective parties at the time the will was made."    The appellants insist that there was no evidence at all as to the " pecuniary circumstances" of the parties to this suit, and that, therefore, in this respect, this part of the instruction was erroneous.    If there was no evidence as to " pecuniary circumstances " which the jury could consider, it would seem that the instruction complained of could do no harm, and, the jury having reached a correct conclusion, it is evident that the instruction actually did no harm.

Where the verdict is right, the judgment will not be reversed for such an error in the instructions.    *Simmon* v. *Larkin*, 82 Ind. 385.

The tenth and eleventh reasons for a new trial are that the verdict was not sustained by sufficient evidence, and is contrary to law.    We have carefully examined the evidence and think it fully sustains the verdict, and is not contrary to law ; but even if the preponderance of the evidence were doubtful, the well established rule of this court would forbid us to re-

verse a judgment where there is any evidence tending to sup-. port it.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.