Filed March 14, 1884.

———◆———

No. 10,615.

SHORB ET AL. *v.* BRUBAKER ET AL.

WILL.—*Contest of.—Instructions.—Evidence.—Delusion.—Admission of Legatee.*
—Suit to contest a will on the ground that the testator was of unsound mind.

*Held,* that evidence that the testator had expressed the opinion that some of his children contestants had mistreated him, stating no fact, and an opinion expressed by such children, as witnesses, that they had not mistreated him, was too intangible to justify an instruction that if the

testator was influenced in framing his will by such belief, and that it was a delusion, the fact would justify a verdict for the contestants.

*Held,* also, that an admission by one of several contestees that the testator was of unsound mind was not admissible in evidence.

*Held,* also, that evidence that a tract of land devised to one of the contestees was purchased with money of the testator's first wife, and the title taken by mistake in his own name, was not admissible.

From the Kosciusko Circuit Court.

*C. Clemans,* for appellants.

*J. S. Collins,* for appellees.

HAMMOND, J.—The appellants, who were daughters of Jacob Brubaker, deceased, filed their complaint in the Whitley Circuit Court against the other children, the widow and the executor of the decedent, to contest the validity of his will. The venue was changed to the court below. The will made provision for the widow and all the testator's children, including the appellants, but the small bequests made to them were probably the cause of their dissatisfaction. The complaint alleged that the decedent was of unsound mind at the time of executing the will, and that it was unduly executed. An issue, made by the general denial, was tried by a jury, resulting in a verdict for the appellees. The appellants' motion for a new trial, filed at the proper time, was overruled; an exception was taken to the ruling, and judgment rendered on the verdict. The overruling of this motion is assigned for error.

The third, sixth and tenth causes for a new trial are waived in the appellants' brief. The first and second causes set out in the motion for a new trial were, that the verdict was contrary to the evidence and the law. The evidence, we think, fully supports the verdict, both as to the decedent's testamentary capacity, and as to the due execution of the will.

The fourth cause for a new trial is not discussed in the appellants' brief.

The fifth cause for a new trial was the refusal of the court to give to the jury the following instruction asked by the ap-

pellants : " If, from all the evidence and the facts given in the cause, you should find that Jacob Brubaker, the decedent, imagined and believed that his two daughters, the plaintiffs Lavina Short and Susan Phillips, or either of them, had misused and mistreated said Brubaker, the decedent, when in truth and fact such was not the case, and it was merely a delusion in the mind of the testator ; and if you further find that such delusion influenced him, the testator, in the disposition of his property, and in the making of his will, you will then be justified in finding that the will in controversy was not the will of the testator."

The evidence upon which this instruction was asked did not relate to any fact. Its application was simply to an opinion given by the testator at the time of making his will, that the appellants had misused and mistreated him, and to a contrary opinion expressed by the appellants while testifying that they had never misused or mistreated him. Evidence of this kind is too intangible for judicial cognizance in determining the validity of a will. An act, which in the opinion of one person might be regarded as misuse or mistreatment, might, in the judgment of another, be esteemed as harmless, or, indeed, as a token of affection or friendship. Had the testator given any fact which, if true, would have been a flagrant breach of filial duty upon the part of appellants, and had it been shown that this fact had no existence except in the imagination of the testator, it would have been right in that case to charge the jury that such evidence was proper for their consideration in determining the testator's mental capacity. But upon the evidence before the jury, the instruction, if given, would have tended to confuse and mislead. We think it was correctly refused.

The seventh, eighth and ninth causes for a new trial related to the refusal of the court to admit certain evidence offered by the appellants. It was proposed to prove that one of the legatees, the testator's widow, who was his second wife, made admissions, just before his death, to the effect that he was of

unsound mind when the will was executed. The attack of the appellants was not confined to any particular part, but was against the entire will. In such case the law is settled that the admissions of one legatee can not be received as evidence against the validity of the will. *Hayes* v. *Burkam*, 67 Ind. 359 ; *Ryman* v. *Crawford*, 86 Ind. 262.

The appellants also proposed to introduce evidence tending to prove that forty acres of land, devised to one of the appellees, was purchased with money of the testator's first wife, and that the deed therefor was taken by mistake in his name. This evidence was not pertinent to any issue in the case, and was rightly excluded.

The eleventh and last cause for a new trial is not discussed in appellants' brief.

We find no error committed by the trial court in overruling the appellants' motion for a new trial.

Judgment affirmed, at appellants' costs.

