The Louisville, New Albany and Chicago Railway Company v. Frawley.

Filed March 8, 1887.

---

No. 12,244.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. FRAWLEY.

MASTER AND SERVANT.—*Railroad.*—*Assumption of Risks of Service.*—*Young and Inexperienced Servant.*—*Extraordinary Hazard.*—A servant who enters upon a dangerous employment assumes the ordinary risks and perils of the service; but this rule does not embrace risks of which, by reason of immaturity and inexperience, he is ignorant, as the employer knows, or by the exercise of reasonable care might have known, beforehand, nor such as the latter knows that the servant, being without experience, can not appreciate or avoid without instruction or warning.

SAME.—*Coupling Cars.*—*Double and Single "Deadwoods."*—Where a minor, of immature judgment and without experience, is employed as a brakeman on a freight train, and being ignorant of the difference between double and single deadwoods, and of the hazard attending the act of coupling cars constructed with the former, of which facts the railroad company knows or might have known, is, without instruction, ordered by the conductor to couple cars furnished with double deadwoods, instead of single deadwoods ordinarily in use by the company, and in attempting to do so is injured, the company is liable.

SAME.—*Evidence.*—*Printed Rule of Railroad Company.*—*Authority of Conductor.*—In an action for the injury, a printed rule of the company providing that all train employees shall be under the charge of the conductor, is admissible in evidence to show that the plaintiff was in the discharge of his duty, and acting under the authority of the defendant, at the time of the injury.

SAME.—*Age.*—*Appearance.*—In such case, after the plaintiff has testified in his own behalf, testimony of his father concerning his appearance, as to age, at the time of the trial, as compared with his appearance in that respect immediately before he was injured, and also that in appearance he was not older than he in fact was when he entered the defendant's service, is admissible.

The Louisville, New Albany and Chicago Railway Company *v.* Frawley.

SAME.— *Want of Knowledge of Dangerous Equipments.*—Testimony of the plaintiff, that up to the time he received the injury complained of he had not observed that cars or engines were constructed with double deadwoods, is admissible.

SAME.—*Capacity to Earn Wages Prior to Injury.*—In such case it is competent to show what the plaintiff's capacity to earn wages was at and before the time when he suffered the injury.

SAME.—*Expert Testimony.*—The relative manner of coupling cars equipped with single and double deadwoods, and the increased danger attending the coupling of cars constructed with the latter, are proper subjects for expert testimony.

SAME.—*Injury on Sunday.—Recovery for.*—The fact that the plaintiff received the injury on Sunday will not prevent a recovery therefor.

WITNESS.— *Impeachment.—Contradictory Statements.—Good Character.—Evidence.*—Where a witness has been impeached by showing that he has made statements out of court contradictory of those made at the trial, evidence of his general good character and of his good repute for truth and veracity is proper.

INSTRUCTIONS TO JURY.—*Special Verdict.—Practice.*—Where the jury, upon request of the parties, are required to return a special verdict, general instructions as to the law of the case are not necessary, and available error can not be predicated upon the giving and refusal of such.

SPECIAL VERDICT.—*Conclusions of Law Disregarded.*—Statements by a jury in a special verdict of conclusions of law will be disregarded by the court in passing upon the facts properly found.

From the Tippecanoe Circuit Court.

*G. W. Easley, G. W. Friedley* and *W. H. Russell,* for appellant.

*B. W. Langdon, T. F. Gaylord, J. R. Coffroth* and *T. A. Stuart,* for appellee.

MITCHELL, J.—Frawley brought this suit against the railway company to recover damages for an injury alleged to have been sustained by him while in the company's service, through its negligent omission of duty.

The complaint was in three paragraphs, but the state of the record is such that we are required to consider only the third paragraph, and determine whether or not it states facts sufficient to constitute a cause of action.

The averments of this paragraph, so far as they are material to be stated here, are, that prior to the 8th day of December, 1883, Frawley had been in the company's service,

for a period of two or three days, and had been engaged in throwing switches, coupling freight cars, and giving signals in the defendant's yards in the city of Lafayette. It is averred that coupling cars which are equipped with what are commonly called " double deadwoods " is attended with more hazard to the person making such coupling than is the coupling of those supplied with single deadwoods, the latter being the kind ordinarily used by the defendant on its road.

On the 8th day of December, 1883, the plaintiff entered the company's service in the capacity of brakeman on one of its freight trains. At the time of his employment he was a minor, of immature judgment and experience, and was ignorant of, and uninstructed in respect to, the difference between double and single deadwoods, or the hazard attending the act of coupling cars constructed with double deadwoods. It is averred that the defendant knew, or by the exercise of proper care might have known, that the plaintiff was of immature judgment and without experience and ignorant in the respect above mentioned.

While thus in the company's service, to wit, on Sunday, the 9th day of December, 1883, in attempting, in obedience to the order of the conductor in charge of the train, upon which the plaintiff was a brakeman, to couple an engine and freight car, both of which were furnished with double deadwoods, the plaintiff's hands were, without any fault on his part, caught and crushed between the deadwoods of the engine and car as they were brought together to be coupled. The injury is described as being of great severity, rendering necessary the amputation of some of the fingers on each hand, thus producing a permanent disability. The plaintiff lacked about two months of being nineteen years old at the time of the injury.

The ruling of the court below in overruling the demurrer to this complaint is assailed upon the ground that the facts therein alleged do not take the case out of the rule that an employee assumes the risks of the service in which he en-

gages, and also those risks which are apparent to ordinary observation. The argument is, that notwithstanding the averment that the plaintiff was ignorant of, and had never been instructed in respect to, the difference of construction of cars and engines with double deadwoods, or the hazard of coupling them, since such difference was obvious to the senses of any person of ordinary intelligence, it was essential, in order to make the complaint sufficient, that the plaintiff should have stated some reason why he did not know or appreciate the danger of putting his hands between the deadwoods on the engine and those on the car against which the engine was propelled.

The rule is too well settled to be longer open to discussion, that when a servant enters upon employment which is from its nature necessarily hazardous, he assumes the usual risks and perils of the service, and this is especially so as to all those risks which require only the exercise of ordinary observation to make them apparent. *Atlas Engine Works* v. *Randall,* 100 Ind. 293 (50 Am. R. 798); *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

In such a case, there is held to be an implied contract on the part of the employee to take all the risks fairly incident to the service, and to waive any right of action against the employer for injuries resulting from such risks. Beach Contrib. Neg., section 8.

This implied contract and waiver include, on the one hand, all such risks and injuries as the employer, by the exercise of reasonable care and diligence in the performance of those duties which pertain to his position, could not reasonably have become aware of and provided against, and, on the other, such as the employee from the nature of the business, as usually and ordinarily conducted, must have known, when he embarked in the service, were incident thereto, as also those which the exercise of his opportunities for inspection, while giving diligent attention to such service, would have disclosed to him.

The Louisville, New Albany and Chicago Railway Company *v.* Frawley.

Where the defect or injurious contrivance is equally known to, or alike open to the observation of, both employer and employee, both are upon common ground, and the employer is not liable for resulting injury. *Porter* v. *Hannibal, etc., R. R. Co.,* 71 Mo. 66 (36 Am. R. 454); Beach Con. Neg., section 140.

The severity of the principles above stated is relaxed measurably in favor of employees, in case the defect or danger is such as is not open to observation or ordinary inspection, or in case the employee, on account of immaturity, or for any other reason, is known to be not of sufficient capacity or experience to appreciate the danger, or to know how to perform the required service, and yet avoid the obvious hazard. *Pittsburgh, etc., R. W. Co.* v. *Adams, supra.*

In *Atlas Engine Works* v. *Randall, supra,* speaking on this subject, the court says : " Where an inexperienced servant is required to perform a hazardous service, in the performance of which extraordinary caution or peculiar skill is required, in order to enable him to avoid dangers which may be apparent, it may be a question for a jury to determine whether, under all the circumstances, the master gave sufficient caution of the danger or adequate information of the means necessary to avoid it."

So, in *Sullivan* v. *India Manfg. Co.,* 113 Mass. 396, the court employs this pertinent language : " It may frequently happen that the dangers of a particular position for, or mode of doing work, are great, and apparent to persons of capacity and knowledge of the subject, and yet a party from youth, inexperience, ignorance, or general want of capacity may fail· to appreciate them.  It would be a breach of duty on·the part of a master to expose a servant of this character, even with his own consent, to such dangers, unless with instructions or cautions sufficient to enable him to comprehend them, and to do his work safely, with proper care on his part. It was therefore competent for the plaintiff to show that there had been such a breach of duty on the part of the defendants,

and although he had in fact gone to work in the place pointed out, assenting so to do, yet that he was incapable of appreciating the dangers to which he exposed himself, or of doing the work safely without instructions or cautions which he did not receive."

It can not be doubted, that a service which involves obvious danger may be performed in comparative safety by one who has had adequate experience, or sufficient instruction, while the same service would be attended with almost certain injury if attempted by one who had neither experience nor instruction.

In such a case, the employer, who, with knowledge of the want of experience of an employee, nevertheless, without instruction or warning, exacts from him a service which requires the observance of extraordinary caution or the exercise of peculiar skill in order that an apparent danger may be avoided, may, depending on the extent of the incapacity of the employee, the nature of the service required, and all the other circumstances of the case, be liable for an injury sustained. *Parkhurst* v. *Johnson*, 50 Mich. 70 (45 Am. R. 28) ; *O'Connor* v. *Adams*, 120 Mass. 427 ; *Coombs* v. *New Bedford Cordage Co.*, 102 Mass. 572 (3 Am. R. 506) ; *Ryan* v. *Tarbox*, 135 Mass. 207 ; *Wheeler* v. *Wason Manfg. Co.*, 135 Mass. 294 ; *Dowling* v. *Allen & Co.*, 74 Mo. 13 (41 Am. R. 298).

The complaint before us makes a case in which it appears that the ordinary hazard of coupling cars on the appellant's railroad was such as was incident to coupling those supplied with single deadwoods. Coupling cars furnished with double deadwoods was extraordinarily hazardous, especially to a person unacquainted with the difference between such contrivances. To this service the plaintiff, of known inexperience, was set, without instructions or warning. The result was the injury complained of.

In *Grizzle* v. *Frost*, 3 Fost. & Fin. 622, COCKBURN, C. J., says : " If the owners of dangerous machinery, by their foreman, employ a young person about it quite inexperienced in

its use, either without proper directions as to its use or with directions which are improper and which are likely to lead to danger, of which *the* young person is not aware, and of which they *are* aware; as it is their duty to take reasonable care to avert such danger, they are responsible for any injury which may ensue from the use of such machinery."

The rule contended for by the appellant, that the employee impliedly assumes the risks of the service, and of such dangers as are obvious and open to ordinary observation, does not embrace such risks as the employer knows, or which by the exercise of reasonable care he might have known, beforehand, that the employee, by reason of his immaturity and inexperience, is ignorant of, or such as the employer knows, the employee, without experience, can not appreciate or avoid without instruction or warning.

The employer may assume—unless he has knowledge to the contrary—without a critical examination, as was in effect said in *Pittsburgh, etc., R. W. Co.* v. *Adams, supra,* that a person who seeks employment in a particular capacity, is possessed of sufficient ability and experience, and is of such an age as qualifies him to discharge the duties incident to the service applied for, and that he is competent to apprehend and avoid all the apparent and obvious hazards of the service, as they may appear during its progress. Where, however, as in the case before us, it is alleged on the one hand, and admitted on the other, that the employee was inexperienced and ignorant in respect to the difference in the construction of deadwoods, and of the hazard of coupling cars equipped with double deadwoods, that the fact of his want of knowledge and inexperience was, or by the exercise of care might have been, known by the railway company, and that the defendant nevertheless, without instructing or warning him of the hazard, required him to make such coupling, and while so engaged the plaintiff was, as is alleged, injured without fault on his part, the facts present a case upon which an issue may be made for trial. The grava-

men of such a case is the omission of duty on the part of the employer, in failing to instruct an inexperienced servant, who, although he may see the danger, may nevertheless be utterly ignorant of the risk, or of the manner of performing the service, so as to avoid injury therefrom. Whatever application the case of *Atlas Engine Works* v. *Randall, supra,* may have to the evidence in this case, it is not controlling as to the facts stated in the complaint under consideration.

The distinction between the case under consideration and the case cited, as well as the cases belonging to the class of *Michigan Central R. R. Co.* v. *Smithson,* 1 Am. & Eng. R. R. Cases, 101, is obvious. In the case before us the duty which the employee was required to perform necessarily demanded that he should either encounter or avoid an obvious danger. It was for the jury to say whether or not, without instruction, he knew, or ought to have known, how to do the duty and yet avoid the danger.

The case was tried by a jury and a special verdict returned. in which the plaintiff's damages were assessed at $7,700.

Motions to strike out parts of the special verdict of the jury, for a *venire de novo,* and for a new trial, were severally filed and overruled.

Numerous grounds were assigned in the written motion as causes for a new trial, the eighth being that the court erred in admitting in evidence rule No. 156, from a printed book, containing the appellant's rules and instructions to its employees. This rule prescribed the duties and authority of conductors in respect to the management of trains in their charge. Among other things, the rule provided that "all train employees, while on duty, are under the charge of the conductors of their respective trains."

We think this rule was relevant for the purpose of showing that the plaintiff was in the proper discharge of his duty, and acting under the lawful authority of the defendant, while attempting to make the coupling when he was injured.

The plaintiff's father was permitted to testify as to his ap-

pearance as to age, at the time of the trial, as compared with his appearance in that respect immediately before he was hurt.

The plaintiff having himself testified before the jury, we can not perceive that the evidence was improper; nor do we see any impropriety in the next cause assigned for a new trial, which is predicated on the fact that the plaintiff's father was permitted to testify, that in appearance the plaintiff was not older than he really was at the time he entered the appellant's service.

The plaintiff was also permitted to testify, that up to the time he received the injury complained of, he had never observed that cars or engines were constructed with double deadwoods. There was no error in this. It was also competent to show what the plaintiff's capacity to earn wages was at and before the time he suffered the injury.

Prior to the trial the defendant had examined the plaintiff under oath. During his cross-examination as a witness, he was asked whether or not he had not at the prior examination made certain statements in which he had given an account of matters materially different from that stated at the trial.

Part of the prior examination was then introduced in evidence by the defendant, with a view to contradict testimony given by the plaintiff at the trial. Subsequently the plaintiff was permitted to introduce testimony to the effect that his general reputation for truth and veracity in the neighborhood in which he lived was good.

This was in accordance with the rule, that where a witness has been impeached by showing that he has made statements out of court contradictory of those made at the trial, evidence of his general good character, and of his good repute for truth and veracity, may be introduced. *Clem* v. *State*, 33 Ind. 418; *Clark* v. *Bond*, 29 Ind. 555.

Where a witness is contradicted by proving the fact to be different from what it was testified to by him, evidence of

his general good character will not be received. The cases relied on by the appellant sustain this rule, but that is not the principle here involved. *Pruitt* v. *Cox*, 21 Ind. 15; *Brann* v. *Campbell*, 86 Ind. 516; *Presser* v. *State*, 77 Ind. 274; *Hodges* v. *Bales*, 102 Ind. 494.

The plaintiff was permitted to prove by witnesses, who were admitted to testify as experts, the relative manner of coupling cars equipped with single and double deadwoods, and also that the coupling of cars, equipped with the latter, is attended with more danger than is the coupling of those supplied with single deadwoods. This, it is contended, was not a subject requiring special skill or study, and hence not one upon which it was proper to take the opinion of witnesses. In each instance the witnesses were first asked to describe, with some minuteness, the difference in the construction, and the process of coupling cars equipped with double or single deadwoods.

With this description and preliminary explanation we have no doubt of the propriety of the evidence. Even non-expert witnesses may give their opinions in a proper case, where such opinions are based upon facts and observations detailed to the jury. *Carthage T. P. Co.* v. *Andrews*, 102 Ind. 138 (52 Am. R. 653), and cases cited.

Speaking upon this subject, the Supreme Court of Iowa said, in a case closely analogous to this: "The construction of cars, the mode and manner of operating them, and the effect of a particular thing on their safety and usefulness, is a habit, study or science. * * The ordinary juror would not know the effect of these double deadwoods." *Baldwin* v. *Chicago, etc., R. R. Co.*, 50 Iowa, 680.

The testimony received was within the rule, that where the question under investigation so far partakes of the nature of a science as to require a course of study, or a previous habit of special practice, in order to the attainment of a correct knowledge of the subject, the opinion of witnesses competent to speak should be received.

A suggestion is made that the court erred in admitting in evidence parts of a certain book containing tables of expectancy or life tables. No sufficient reasons against the rulings are developed in the briefs to enable us to say that any error was committed. The point is not discussed by counsel. We will not examine it further.

Some other criticisms upon rulings of the court in relation to the admission or exclusion of evidence are made, but they are not so presented as to require an examination. We perceive no error in respect to those rulings.

Considerable space is devoted to a discussion involving the propriety of certain instructions asked on appellant's behalf and refused by the court, as also to certain of the instructions given by the court of its own motion. It will be remembered that the jury, upon request of the parties, as appears by the record, returned a special verdict.

When such a request is made, it becomes the duty of the jury to return the material facts which they find to have been proved, to the court, without any regard to the legal value or ultimate consequences of such facts. It then becomes the duty of the court to declare the law upon the facts returned.

There is, therefore, neither propriety nor fitness, that the court should, either upon its own motion or at the request of either party, give any general instructions as to the law of the case. The jury should be left entirely free to find the facts material to the several issues, without instruction as to whether the law will declare one way or the other, upon any fact or state of facts which may be found. A statement by the court of the matters put in issue by the pleadings, and of the rules for weighing or reconciling conflicting testimony, with whatever else may be necessary to enable the jury clearly to comprehend the subjects which are to be covered by their special verdict, is all that is proper when a special verdict is to be returned. *Indianapolis, etc., R. W. Co.* v. *Bush,* 101 Ind. 582.

The Louisville, New Albany and Chicago Railway Company v. Frawley.

Obviously, therefore, there was no error in refusing the instructions asked, and if any were given which were inaccurate, since the error, if any was committed, must have been in any event harmless, we do not examine them.

The motion to strike out parts of the special verdict, on the ground that such parts as the motion applied to were statements by the jury of legal conclusions, was also properly overruled. While it is not proper for the jury to state conclusions of law in a special verdict, such statements will be disregarded by the court in passing upon the facts properly found. *Indianapolis, etc., R. W. Co.* v. *Bush, supra; Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151; *Louisville, etc., R. W. Co.* v. *Balch,* 105 Ind. 93.

There was no error in overruling the motion for a *venire de novo.* There are no such inconsistencies or ambiguities in the special verdict as render it uncertain or doubtful which way the jury intended to find in respect to any question in issue.

There is some evidence tending to support the verdict upon every point material to a recovery by the plaintiff upon the principles already announced in this opinion. We can not disturb the finding for want of evidence.

Lastly, it is contended that the recovery was not justified, because it appears from the complaint, was proven at the trial, and found by the jury, that the plaintiff was injured while engaged at common labor on the first day of the week, commonly called Sunday. It is said the appellee was engaged at such labor in pursuance of a contract with the railway company, and that because it was not shown that the labor in which he was engaged was a work of necessity, the law will refuse its intervention to secure compensation for the injury.

It is undoubtedly true that where the right to recover depends upon the legality of a contract, either in respect to its execution, or the consideration which supports it, if it ap-

pears that the contract was executed in violation of law, or that its performance necessarily involved the doing of that which was unlawful, a recovery on or for a breach of such contract will be denied. The contract, in pursuance of which the plaintiff engaged in the appellant's service, was not made on Sunday, nor was it to be performed on that day. It was, therefore, neither illegal in its inception, nor was it an engagement to do an unlawful act. Besides, there was no relation, near or remote, between the violation of the Sunday law and the injury complained of. That the plaintiff may have been violating his obligation as a citizen to the State, can not be set off against the appellant's failure of duty, in requiring an extraordinary hazardous service from an inexperienced employee without giving him warning of the peril attending the service required.

The fact that one who sustains an injury by the negligent or wrongful act of another, may have been, at the time of such injury, acting in disobedience of his collateral obligation to the State, which required of him the observance of the Sunday laws, will not prevent a recovery from one whose wrongful or negligent act or omission was the proximate cause of such injury. Patterson Railway Accident Law, pp. 64, 65, and note; Beach Con. Neg., pp. 186, 187, 270, 278; Cooley Torts, p. 155; 21 Cent. L. J. 525; Mohney v. Cook, 26 Pa. St. 342; Philadelphia, etc., R. R. Co. v. Philadelphia, etc., Co., 23 How. 209; Schmid v. Humphrey, 48 Iowa, 652 (30 Am. R. 414); Knowlton v. Milwaukee, etc., R. W. Co., 59 Wis. 278; Wood Railway Law, section 318; Wentworth v. Jefferson, 60 N. H. 158; Opsahl v. Judd, 30 Minn. 126; Carroll v. Staten Island R. R. Co., 58 N. Y. 126 (17 Am. R. 221); Platz v. City of Cohoes, 89 N. Y. 219 (42 Am. R. 286); Stewart v. Davis, 31 Ark. 518 (25 Am. R. 576); Baldwin v. Barney, 12 R. I. 392 (34 Am. R. 670).

We have examined all the questions in the record which we find discussed in the able and elaborate brief furnished us

by the appellant's counsel. Although the damages assessed seem to us in a measure excessive, since we find no error of law, the judgment is affirmed, with costs.

Filed Dec. 22, 1886; petition for a rehearing overruled April 2, 1887.