## ROLLÈR ET AL. *v.* KLING ET AL.

[No. 18,138. Filed March 31, 1898.]

SPECIAL VERDICT.—*Improper Interrogatories.—Harmless Error.*—It is error to submit to a jury interrogatories calling for evidentiary facts or conclusions of law; but such error is harmless for the reason that the court in applying the law to the special verdict is required to disregard such interrogatories and the answers thereto. *pp. 160, 161.*

SAME.—*Proper Instruction When Special Verdict is to be Returned.*— Where a special verdict is to be returned, it is only proper for the court to instruct the jury as to the issues made by the pleadings, the rules for weighing and reconciling the testimony, who has the burden of proof as to the facts to be found, with whatever else may be necessary to enable the jury to understand clearly their duties concerning such special verdict, and the facts to be found therein. *pp. 161, 162.*

SAME.—*Instructions as to the Law.—Harmless Error.—Practice.*— Where a special verdict is to be returned, general instructions as to the law of the case are not necessary, and available error cannot be predicated upon the giving of such. *p. 162.*

WILLS.—*Proof of Insanity Prior to Execution of Will.—Burden of Proof as to Return of Sanity at the Time of Execution.*—In an action to set aside a will on the ground of mental unsoundness, proof on the part of the plaintiff that the testator, prior to the time of the execution of the will, was a person of unsound mind, not from a temporary cause, does not require the defendant to show by a preponderance of the evidence a return of sanity, or a lucid interval, at the time of the execution of the will. *pp, 162, 163.*

INSTRUCTIONS.—*Erroneous.—When Not Cured.*—Where, in an action to set aside a will on the ground of mental unsoundness of the testator, the proof establishes testator's unsoundness of mind prior to the execution of the will, an erroneous instruction, as to the burden of proof as to a return of sanity at the time of the execution of the will, is not cured by general instructions, as to the burden of proof, which state the law correctly. *pp. 163, 164.*

WITNESS.—*Impeaching Question.—Form Of.*—A question put to an impeaching witness need not be in the exact words of the question asked of the witness sought to be impeached, but the words should

be identical as to time, place, and substance, and the impeaching question should be so framed as to admit of a negative or affirmative answer. *pp. 165-167.*

From the Allen Circuit Court. *Reversed.*

*J. F. Rodabaugh, W. E. Colerick* and *W. G. Colerick,* for appellants.

*J. M. Robinson, Henry Colerick* and *J. E. K. France,* for appellees.

Monks, J.—This action was brought by the appellees to set aside the will of their deceased father, John Roller, and the probate thereof, on the alleged grounds that he was of unsound mind at the time of its execution, and that the will was unduly executed. The issues formed were tried by a jury, and a special verdict returned on which the court, over the joint and several motions of appellants for a new trial and for judgment in their favor, rendered a judgment setting aside the will. The errors assigned and not waived call in question the action of the court in overruling the motions for a new trial and the motions for judgment in favor of appellants.

The special verdict consisted of 136 interrogatories and the answers thereto. At the proper time counsel for appellants objected to the submission to the jury of a number of the interrogatories prepared by appellees, on the ground that they, and each of them, related to matters wholly irrelevant and immaterial to the issues in the case, and called for the finding of evidentiary and not ultimate facts.

If the special verdict includes findings of evidentiary facts, conclusions of law, and matters without the issues, the same are to be disregarded by the court in applying the law to the facts found. *Louisville, etc., R. W. Co.* v. *Bates, Admr.,* 146 Ind. 564, 570, 571;

Roller *et al. v.* Kling *et al.*

*Fisher, Admr.,* v. *Louisville, etc., R. W. Co.,* 146 Ind. 558, 561. It was the duty of the court; therefore, to submit to the jury only such interrogatories as would require the jury to find the ultimate facts within the issues made by the pleadings, and not to embarrass and confuse them by interrogatories which merely called for evidentiary facts, conclusions of law, and matters without the issues. At. the request of appellees the court submitted 102 interrogatories to the jury, prepared by them. It is true, as contended by appellants; that many of these interrogatories should not have been submitted to the jury and that it was error so to do. In *Bower* v.' *Bower,* 146 Ind. 393, 398, there was a special verdict under the special verdict law of 1895, the same as in this case, and this court held that the answers to the three interrogatories set forth in said opinion were sufficient to set aside the will. While it was error for the court to submit many of the interrogatories to the jury, yet the error was harmless, for the reason that the court, in applying the law to said special verdict, was required to disregard such interrogatories and the answers thereto. *Louisville, etc., R. W. Co.* v. *Bates, supra; Fisher, Admr.,* v. *Louisville, etc., R. W. Co., supra; Branson* v. *Studabaker,* 133 Ind. 147, 148.

Objections are urged by appellants against a number of instructions given by the court to the jury, and several of said instructions no doubt contain erroneous statements of the law under the decisions of this court in *Blough* v. *Parry,* 144 Ind. 443, *Young* v. *Miller,* 145 Ind. 652, and *Teegarden* v. *Lewis,* 145 Ind. 98. If a general, instead of a special, verdict had been returned, such erroneous instructions might have required the reversal of the cause. The rule is that when a special verdict is returned, it is not proper for

the court to give any general instructions as to the law of the case. It is only proper for the court in such case to instruct the jury as to the issues made by the pleadings, the rules for weighing and reconciling the testimony, who has the burden of proof as to the facts to be found, with whatever else may be necessary to enable the jury clearly to understand their duties concerning such special verdict and the facts to be found therein. *Louisville, etc., R. W. Co.* v. *Frawley,* 110 Ind. 18, 28; *Woollen* v. *Wire, Admr.,* 110 Ind. 251, 253; *Louisville, etc., R. W. Co.* v. *Hart,* 119 Ind. 273, 285 and cases cited; *Johnson, Admr.,* v. *Culver, Admr.,* 116 Ind. 278, 294; *Stayner* v. *Joyce,* 120 Ind. 99, 100; *Swales* v. *Grubbs,* 126 Ind. 106, 110; *Louisville, etc., R. W. Co.* v. *Lynch,* 147 Ind. 165, 173, 174, and cases cited. As the verdict returned in this case was a special verdict, general instructions as to the law, though erroneous, were harmless. *Louisville, etc., R. W. Co.* v. *Frawley, supra; Swales* v. *Grubbs, supra.*

One of the instructions, however, given by the court to the jury, to which objection is made, was concerning the burden of proof. The part of said instruction to which objection is urged is as follows: "If the evidence satisfies you that at any time prior to the execution of said will that John Roller was a person of unsound mind, then the law presumes that that condition of mind continued, unless the mental unsoundness was from some merely temporary or transitory cause; and if the evidence satisfies you that at any time prior to the execution of said will said John Roller was a person of unsound mind, not from a temporary cause, *then the burden of showing a return of sanity, or a lucid interval, at the time of the execution of the will, rests upon the defendants, and must be shown by them by a preponderance*

*of the evidence."* This instruction, so far as it informed the jury that the burden of proof concerning the unsoundness of mind of the testator at the time of the execution of the will was upon the appellants under the conditions stated, was erroneous. The appellees, by bringing this action to set aside said will and the probate thereof, assumed the burden of showing, by a preponderance of the evidence that the testator did not, at the time the will was executed, have testamentary capacity. It is true that, if unsoundness of mind of a permanent nature has been established by the party having the burden of proof, the presumption is that the same continues until the contrary is shown. *Wallis* v. *Luhring*, 134 Ind. 447, 450; *Raymond* v. *Wathen*, 142 Ind. 367, 370. But it is equally true that, in order to remove such presumption, the party not having the burden of proof as to such fact or allegation is not required to prove the contrary, by a preponderance of the evidence, but it is sufficient if the scales are evenly balanced, so that there is no preponderance either way. In such case the party having the burden of proof, cannot recover. *Young* v. *Miller, supra,* 652. Such instruction was clearly erroneous so far as it required appellants, under the conditions stated, to prove by a preponderance of the evidence that the testator was of sound mind at the time the will was executed.

Appellees claim, however, that said instruction was harmless, because the jury was properly instructed as to the burden of proof in other instructions. It is true that in other general instructions the court informed the jury that appellees must prove their case by a preponderance of the evidence, but such instructions would not cure said error. This could only be done by plainly withdrawing the erroneous instruction from the jury, and the instruc-

tions referred to did not do this. *Wenning* v. *Teeple,* 144 Ind. 189, 194, 195, and cases cited. Besides, the instructions referred to were general and did not apply to the conditions stated in said instruction ten, and did not, therefore, cure the error in giving said instruction. If, however, we are in error and they did apply, then they and said instruction ten were inconsistent, and calculated to mislead the jury or leave them in doubt. *Wenning* v. *Teeple, supra,* and cases cited. As it is not shown by the record that said error was harmless, the same will be presumed prejudicial.

It is insisted by appellants that the sixth instruction was erroneous, because it stated that, "in order to make a valid will a person must *know* the extent and value of his property, etc." In support of this insistence appellants contend that, the capacity to know and understand the nature and extent of the property disposed of by the will must exist at the time the will is executed, but it is not true that actual knowledge or understanding of the nature and extent of the property disposed of by the will is necessary to the validity of the will, and that the question is one of capacity to know and understand and not of actual knowledge, and the want of knowledge is not the test of the existence of the capacity to know and understand. *Brown* v. *Mitchell,* 75 Tex. 9, 12 S. W. 606, 608; *Kerr* v. *Lunsford,* 31 W. Va. 659, 8 S. E. 493, 505; *Blough* v. *Parry,* 144 Ind. 463, 489, and cases cited. The standard established by the decisions of this court is that one who has sufficient mind to know and understand the business in which he is engaged, who has sufficient mental capacity to enable him to know and understand the extent of his estate, the persons who would naturally be supposed to be the objects of his bounty, and who can keep these in his

mind long enough to have his will prepared and exe-cuted, has testamentary capacity. *Blough* v. *Parry, supra,* and cases cited; *Teegarden* v. *Lewis,* 145 Ind. 98, 101, and cases cited. We need not decide as to the correctness of said instruction six, however, for the reason that as the verdict in the case was a special verdict, said instruction, if erroneous, was harmless. *Louisville, etc., R. W. Co.* v. *Frawley, supra,* and author-ities heretofore cited. It is proper to say that some of the interrogatories submitted to, and answered by the jury were drawn upon the same theory as said instruction six.

It is next insisted that the court erred in permit-ting Caroline Kling, one of the appellees, while tes-tifying as a witness for appellees, to relate a conversa-tion that occurred between John F. Rodabaugh, who was one of the attesting witnesses to the will, and herself, after the execution of the will, on an occasion when she consulted him about the same. Appellees contend that this evidence was introduced after a foundation for the impeachment of said Rodabaugh had been laid. Counsel for appellees have not referred to the record by page and line where any question or questions proper for such pur-pose were propounded to said Rodabaugh, but, for the determination of this objection, we will assume that the proper questions were propounded to him, and that he answered them in such a way as author-ized the calling of witnesses to contradict him by proving that he made statements out of court in the presence and hearing of such witness contrary to his testimony in court. When Mrs. Kling was called as a witness, the established rule required that the question to such impeaching witness, as to time, place and substance of the conversation or statement relied upon as being contrary to the testimony of the

witness, Rodabaugh, should have been identical with the question propounded to said Rodabaugh, and should have been so framed as to admit of a negative or an affirmative answer. *Pence* v. *Waugh*, 135 Ind. 143, 156. No such question was propounded by counsel for appellees to Mrs. Kling, but she was asked to state what Rodabaugh said to her about the will and her father, and over the objection of appellants, the court permitted her to answer said questions. This was contrary to the rule stated in *Pence* v. *Waugh*, *supra*, 156, 157.

It is also urged that the court erred in permitting Thomas Greer, a witness for appellees, to give in evidence a conversation between him and appellant Jacob Roller, one of the devisees under the will, in the absence of his co-devisee the appellant William Roller, relative to the mental condition of the testator, citing *Hayes* v. *Burkam*, 67 Ind. 359; *Shorb* v. *Brubaker*, 94 Ind. 165; *Ryman* v. *Crawford*, 86 Ind. 262, 267.

Under the authorities cited the admission of one of several contestants that the testator was of unsound mind is not admissible in evidence. Appellees insist that such evidence was given to impeach said Jacob Roller, one of the appellants, who had testified as a witness on behalf of appellants, and that a foundation for such impeachment had been laid by propounding a proper question to him, which he had answered in the negative. We are not, however, referred to the page and line of the record where such fact is shown as required by the rules of this court, we will however assume that the record so shows. When Greer was called by counsel for appellees to testify, he did not propound to him any question asked of Roller, but merely asked him to state what Roller said to him in a certain conversation and what he, the witness, said to Roller, and over the objection of appellants

the court permitted said witness to answer the ques-
tion and give the conversation in detail, in violation
of the rule concerning the impeachment of witnesses
heretofore stated. *Pence* v. *Waugh, supra,* pp. 156,
157. A large part of the evidence so given by such
witness was not admissible for the purpose of im-
peachment, and was clearly injurious to appellants.

In *Pence* v. *Waugh, supra,* p. 156, this court said:
"While we do not insist that the question to the
impeaching witness should be in the exact words of the
question asked the witness sought to be impeached, we
do hold that as to time, place, and substance of the con-
versation or statement, it should be identical, and
should be so framed as to admit of a negative or af-
firmative answer. This has been the rule of practice
in the trial courts of this State, without exception,
so far as we are advised, and we have no doubt that
is the safer and better practice, for, as said in *Sloan*
v. *New York, etc., R. R. Co.,* 45 N. Y. 125, if it were
'otherwise, hearsay evidence, not strictly contradict-
ory, might be introduced, to the injury of the parties,
and in violation of legal rules.'" Under this rule
when the impeaching witness answers the proper
question, the party introducing such witness has no
right to examine such witness as to such conversa-
tion in detail. The details of such conversation can
only be brought out by the cross-examination of the
party whose witness is sought to be impeached.
*Pence* v. *Waugh, supra,* p. 157. It follows that the
court erred in permitting said impeaching witnesses,
Kling and Greer, to testify as to the said conversa-
tions in detail, in answer to general questions, instead
of confining their examination by counsel for appel-
lees to answering the same questions propounded to
the witness sought to be impeached. *Pence* v. *Waugh,
supra,* p. 156. Other questions are discussed by coun-
sel for appellants, but as they may not arise on

Center School Township *v.* State, *ex rel.* Board, etc.

another trial it is unnecessary to consider the same. The judgment is reversed, with instructions to sustain appellants motion for a new trial, and for further proceedings not in conflict with this opinion.