JOHN MYERS, PLAINTIFF AND DEFENDANT IN ERROR, v.
    CHARLES G. MYERS, DEFENDANT AND PLAINTIFF IN
    ERROR.

Argued July 1, 1907—Decided November 18, 1907.

In an action of ejectment brought by an heir against a devisee as sole
    defendant, it was claimed by the plaintiff that the will under
    which the defendant claimed the property in dispute was a nullity,
    for the reason that the testator was unduly influenced to execute
    it by one S. R. G. M., the wife of the testator, the mother of the
    defendant and a legatee named in the will. *Held*, that evidence
    that certain declarations were made by S. R. G. M. at various
    times, tending to show her efforts to unduly induce the testator
    to execute the will, was not admissible.

On error to the Circuit Court.

For the plaintiff in error, *William T. Boyle, Howard Car-
row* and *R. O. Moon* (of the Philadelphia bar).

For the defendant in error, *Matthew Jefferson* and *John W.
Wescott.*

The opinion of the court was delivered by

REED, J.    This is an action of ejectment brought by the
son and heir of Charles Myers, deceased, against the defend-
ant, another son of the said Charles Myers by a different
mother, to recover the possession of a tract of land devised to
the defendant by a paper purporting to be the last will of the
said Charles Myers.

On the trial the plaintiff proved that Charles Myers died seized of the *locus in quo;* that the plaintiff was one of his heirs, and that the defendant was in possession.

The defendant then offered a paper as the last will of Charles Myers, in which will the defendant was named as the sole devisee of the property in dispute.

The reply to this was an attack upon the validity of this instrument upon the two grounds—*firstly,* that the paper was not executed in accordance with the statutory formalities, and *secondly,* that it was the product of undue influence exercised upon the testator by Sallie R. G. Myers his then wife, and mother of the defendant.

Sallie R. G. Myers was dead when the cause was tried. As is perceived, the single issue tried was will or no will, and the single defendant was Charles G. Myers.

Upon the question of undue influence the plaintiff's testimony consisted substantially of declarations said to have been made to various persons by Sallie R. G. Myers during a period ranging from sixteen years before the execution of the will down to and after the decease of the testator. These declarations covered a wide field. They included declarations tending to show the hostility of Sallie R. G. Myers to her stepchildren, the children of the testator by a former wife, as tending to show how the declarant had induced the testator to marry her; as tending to show her remorse for something she had done; as tending to show that she had persuaded one of the children to withdraw a caveat filed against the probating of the will, and other declarations supposed to have a bearing upon the likelihood of the declarant having a motive and being in the mood to exert her power over the testator in favor of her own child, the defending devisee.

A discussion respecting the remoteness of time from the date of the execution of the will at which some of these declarations were made, or respecting the relevancy of many of the declarations, if otherwise admissible, would be utterly unprofitable.

These declarations in their entire scope were purely hearsay and unincluded in any exception to the rule which excludes

such testimony from any place in a trial of a cause under our system of procedure.

As already remarked, the only defendant was Charles G. Myers. The declarations of Sallie R. G. Myers were not those of a party to the suit, nor was she privy in interest with the defendant. Neither were they parts of the *res gestœ*, namely, declarations accompanying an act relevant to the issue. Neither were they admissible as declarations made by a person since deceased against her own pecuniary or proprietary interest. She was, it is true, a beneficiary under the will, but her interest *jure mariti* in case of the intestacy of her husband was such as to render it impossible to show that any declaration she made adverse to the validity of the will was made against her own pecuniary interest, either at the time the declarations were made, as they must have been to be admissible, or at any other time.

It is, of course, manifest that these declarations did not come within any other exception enumerated in the books on evidence and briefly stated by Jessel, M. R., in *Sugden* v. *Lord St. Leanards, L. R.,* 1 *Pro. Div.* 154, and repeated by Justice Dixon in *Rusling* v. *Rusling,* 9 *Stew. Eq.* 603, 608.

Not only were these declarations not admissible on any of the grounds already stated, but they were equally inadmissible as admissions of a legatee or devisee named in the will. Where a legatee or devisee so named is the sole party defending the validity of the instrument under which he claims, his admissions are admissible against himself as are those of any other party. *Egbers* v. *Egbers,* 177 *Ill.* 82, 87.

And so are the declarations of one in privity with such a defendant. *Wallis* v. *Luhring,* 134 *Ind.* 447.

It is true that where an action involves joint interests the admissions of one party so jointly interested may be used against both. Sallie R. G. Myers and Charles Myers, however, had no joint interest in the subject-matter of the devise in question, nor indeed in any other devise or legacy. In *Shailer* v. *Bumstead et al.,* 99 *Mass.* 112, 127, it was said: "Devisees and legatees have not that joint interest in a will which will make the admissions of one, though he be a party

appellant or appellee from the decree of the probate court allowing the will, admissible against the other legatees."

Sallie R. G. Myers was not even a party to the record in this case.

It is to be kept in mind that the question of the admissibility of the declarations of Sallie R. G. Myers in this case radically differs from a question concerning the admissibility of the declarations of a legatee or devisee when offered in a probate contest. The judgment in the present action binds only the parties to the suit and affects only the property in dispute. As to all other parties, and respecting all other property, the provisions of the will would stand unimpaired by the judgment. But in a contest respecting the probate of a will all persons interested are, in some shape, parties. These parties may, all but one, be ranged on one side, and that one upon the other side, or they may be divided into groups which represent opposite interests. Now, where there is but one party whose position is such that his interest alone will be affected by his admissions, his admissions are admissible. Where, however, there are more than one legatee or devisee supporting the same interests, and where therefore the declarations of anyone must affect the interests of every other one of the group, there is some contrariety of judicial views respecting the declarations of anyone. There are cases holding that the admissions of any one of such a group of legatees or devisees is admissible against himself, but not against the others. But the great weight of judicial sentiment is that inasmuch as a will on such a proceeding cannot be proved as to one and rejected as to the others, but must stand or fall as to all, therefore the declaration of none will be received, the ground for the rejection being that the declaration of one cannot be received without prejudice to the rights of the others. *Ormsby* v. *Webb,* 134 *U. S.* 47; *Matter of Kennedy,* 167 *N. Y.* 163; *Shailer* v. *Bumstead,* 99 *Mass.* 112; *Carpenter's Appeal,* 74 *Conn.* 431; *Roller* v. *Kling,* 150 *Ind.* 159; *Hertrich* v. *Hertrich,* 114 *Ia.* 643; *Schierbaum* v. *Schemme,* 157 *Mo.* 1, 12, 57; *Wood* v. *Carpenter,* 166 *Id.* 465; *Walkup* v. *Pratt,* 5 *H. & J.* 51.

Mr. Underhill sums up the conclusions to be drawn from the authorities, as follows: "The admission of a legatee is evidence against the will where he is the sole beneficiary under it. But the interest of legatees under a will are several, not general. Each claims independently of the others, and his interest should not be affected by the sole acts or declarations of the other legatees." *Underh. Wills,* § 163.

The situation presented in the present case, however, calls for no expression of opinion on the question last mentioned. In the present case Sallie R. G. Myers was not a party to the suit, and in no view were her declarations admissible against the defendant.

The judgment should be reversed.

*For affirmance*—None.

*For reversal*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, GARRISON, HENDRICKSON, SWAYZE, REED, TRENCHARD, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL, J.J. 13