No. 820.

## The Evansville & Indianapolis Railroad Company v. Darting.

PLEADING.—*Sufficiency.*—*Existence of Fact by Necessary Implication.*—Where a complaint does not state a material fact directly, but such fact is shown to exist in the pleading by necessary implication, the complaint is sufficient as to such fact.

INSTRUCTIONS TO JURY.—*Irrelevant Instruction.*—*When Harmless.*—The giving of an instruction, a part of which is irrelevant to the case, will not amount to reversible error, when, considered as a whole, it could have done no harm to the complaining party.

RAILROAD.—*Passenger.*—*Duty of Company to Protect.*—*Fellow-Passenger.*—*Injury by.*—It is the duty of a carrier to protect its passengers from violence, even from fellow-passengers, when it can be done by proper care.

From the Clay Circuit Court.

*J. E. Iglehart, E. Taylor* and *G. A. Knight,* for appellant.

*J. A. McNutt, R. Fisher* and *A. Payne,* for appellee.

GAVIN, J.—This is an action to recover damages by reason of an assault and battery upon appellee, by a fellow-passenger, negligently permitted by appellant.

The only objections urged to the complaint are that it fails to show that the train boarded by appellee was a passenger train, and that he was a passenger. While these facts are not directly alleged in so many words, they are plainly apparent, and are necessarily included when all the allegations of the complaint are considered, and this is sufficient to withstand a demurrer. *Byard* v. *Harkrider,* 108 Ind. 376; *Douthit* v. *Mohr,* 116 Ind. 482.

Under the motion for a new trial, objection is made to a part of one instruction given, upon the ground that it contains a statement of a principle of law outside of the real issue in the case. Granting this to be true, we do not think that any harm could have resulted to appellant therefrom. The correctness of an instruction is not to be determined

by dissecting it, and considering separately each detached part, but it is to be considered as a whole, and thus considered we are satisfied the jury could not have been, and were not, misled by the announcement of the proposition of law complained of, even though in itself irrelevant to the case in hand. *Louisville, etc., R. R. Co.* v. *Kelly*, 92 Ind. 371; Elliott's App. Procedure, 570.

It is also insisted quite earnestly that the verdict of the jury was not sustained by the evidence. We have considered the evidence carefully, and are satisfied that there was abundant evidence to sustain the verdict on all material points.

The evidence fairly proves, that appellee purchased his ticket entitling him to ride on appellant's passenger train; that he entered the train, took a seat in the front end of the car, and surrendered his ticket to the conductor; that a fellow-passenger endeavored to get up a quarrel with him, and finally, after considerable discussion and commotion, he and several others, without cause, committed a violent assault and battery upon him. The conductor was in the car during the entire time. That there was to be a difficulty was apparent to a number of the passengers, two of whom called the conductor's attention to the fact, and requested him to stop it. To one of these, a woman, he replied that if there was a fight she could squat between the seats. Although he had good reason to apprehend trouble, he made no serious effort to prevent the attack, and when it finally occurred, in the front part of the car, he promptly sought the rear part of the car to " stop the train." There is also evidence that a brakeman present encouraged the attack.

There is nothing to show that by proper effort upon the part of the trainmen the assault might not have been prevented. On the contrary, the jury might well have found as they evidently did find, that with such effort the injury might have been prevented.

The rule is established that it is the duty of carriers to protect their passengers from violence, even of their fellow-passengers, where this can be accomplished by the exercise of proper care. *Louisville, etc., R. R. Co.* v. *Kelly, supra;* 2 Wood's Railway Law, 1177; *Chicago, etc., R. R. Co.* v. *Mehlsack,* 131 Ill. 61; *Britton* v. *Atlanta, etc., R. W. Co.,* 88 N. C. 536; *Goddard* v. *Grand Trunk R. W. of Canada,* 57 Me. 202.

The judgment is affirmed.

