## STUCK ET AL. *v.* YATES.

[No. 4,281.   Filed February 5, 1903.]

ASSAULT AND BATTERY.—*Damages.*—*Instruction.*—In an action against an officer and his deputy for damages for an unlawful assault committed while making an arrest, an instruction to the effect that both defendants would be trespassers and would be liable in damages if either one of them shot and injured plaintiff, without reference to the part taken in the transaction by the other defendant, or whether he was a party to it or not, is erroneous. *pp. 441–446.*

APPEAL AND ERROR.—*Erroneous Instruction.*—To warrant the court in sustaining a judgment under §670 Burns 1901, where an erroneous instruction was given, it must appear that the judgment is clearly supported by a preponderance of the evidence. *pp. 445, 446.*

TRIAL.—*Erroneous Instruction.*—Error in giving an erroneous instruction is not cured by giving another instruction contradictory thereto. The erroneous instruction should be withdrawn. *p. 446.*

From Jay Circuit Court; *J. M. Smith*, Judge.

Action by Francis M. Yates against William D. Stuck and another for damages for an unlawful assault while making an arrest. From a judgment for plaintiff, defendants appeal. *Reversed.*

*J. S. Engle* and *W. G. Parry*, for appellants.

*J. F. Mann, O. H. Adair, J. F. La Follette* and *R. W. Ross*, for appellee.

ROBINSON, J.—Appellant Stuck was deputized by one Coons, a town marshal, to assist in arresting appellee upon a warrant held by the marshal. Appellee claimed in his complaint that Coons and Stuck went to his home in the night-time, and while he was in bed and asleep, without making known to him the purpose of their visit, they each began to shoot at and towards appellee with revolvers, guns, and pistols, each loaded with powder, leaden balls and cartridges, whereby he was shot and wounded. Appellant Stuck answered the complaint, that he knew Coons was marshal; that he went with Coons, at the latter's request

and demand, to assist him in serving the warrant; that Coons directed appellant to remain on the outside of the house to apprehend appellee in the event he attempted to escape while the marshal went inside to make the arrest on the warrant; that appellant remained outside and did not enter the house, and that if an assault was committed it was at such time and under such circumstances, and in the attempt to make such arrest; that appellant denies that he in any way assaulted appellee; that if any assault was committed it was without the procurement or knowledge of appellant; that if there was any irregularity in the warrant, or lack of authority in the marshal, appellant had no knowledge of the same.

The sixth instruction given to the jury at appellee's request reads as follows: "Our statute prescribes the acts and duties incumbent on an officer in making an arrest, and provides that the officer making the arrest must inform the person he is arresting that he acts under the authority of a warrant, and must show the warrant, if required; and if you find from the evidence in this case that at the time the defendants attempted to arrest the plaintiff, they, or either of them, did not inform the plaintiff that they were acting under the authority of a warrant, and you further find that the plaintiff, without being so informed, attempted to escape from his father's house, and while so doing was shot and injured by the defendants, or either of them, then, in that event, the defendants would be trespassers, and would be liable in damages for the injuries sustained by plaintiff."

Among the instructions given to the jury at appellants' request, were the following: (4) After setting out substantially the facts in Stuck's answer, instruction four proceeds: "The fact, if it is a fact, that the town marshal called upon Stuck to assist in the discharge of his official duties, was sufficient authority on the part of Stuck to justify him in going with such marshal to assist him in the

Stuck *v.* Yates.

discharge of his official duties; and if the defendant Stuck did go with his codefendant to assist him under such circumstances as above stated, and remained on the outside of the house to watch, as directed by said marshal, and acted in good faith, and did not personally commit an assault or an assault and battery upon the plaintiff, then, in such case, he would not be liable, and you should find for the defendant Stuck, even if you should believe that the defendant Coons exceeded his jurisdiction and acted without authority, and wrongfully committed an assault and battery upon the plaintiff." "(9) Every person must aid an officer in the execution of a warrant, if the officer requires his aid, and be himself present and acting in its execution. The person who is thus called on is protected by the call from being sued for rendering the requisite assistance. If the officer has no warrant, or authority that will justify him, he may be liable as a trespasser; but the person who is called upon for aid, having no means of knowing what the warrant is by which the officer acts, and who relies upon the official character·and call of the officer, as his security for doing what is required to do, is clearly entitled to protection against suit by the person arrested." "(13) If the jury should believe from the evidence in the case that the defendant William Coons used more force than was necessary to accomplish the arrest, or to recapture the plaintiff after he fled, if he did flee, still, if the jury find that the defendant Stuck used no more force than was necessary for such purpose, and that he was not aiding, abetting, or encouraging the defendant Coons in the use of such excessive force, in such case the plaintiff could not recover against the defendant Stuck, and you should find for him. (14) The defendant Stuck is not liable for the wrongful conduct of the defendant Coons, unless he, Stuck, was giving aid, assistance, or in some way encouraging the defendant Coons in the wrongful conduct. If you find that the defendant Stuck was called by the defendant Coons, who

was acting as town marshal, to go along with him for that purpose, and without any purpose to do anything other than that which was necessary to arrest the plaintiff, and that while they were so engaged in such arrest, or attempt to recapture the plaintiff after he had fled, if he did flee, the defendant Coons shot the plaintiff, and that such shooting was necessary, still the defendant Stuck would not be liable for damages resulting from such shooting, unless the said defendant Stuck in some way aided, abetted, or encouraged the defendant Coons to shoot the plaintiff, and you should, on such facts, find for the defendant Stuck."

The argument in appellants' brief is confined to the sixth instruction above. It is insisted this instruction is erroneous as to Stuck, because it tells the jury that if the defendants attempted to arrest the plaintiff without both defendants first having informed the plaintiff that they were acting under the authority of a warrant, then both defendants would be trespassers; and because it tells the jury that if appellee was shot and injured by one of the defendants while attempting to escape, then both defendants would be trespassers and would both be liable. The first objection to the instruction is not well taken. The instruction does not inform the jury that both defendants must first give the information that they were acting under the authority of a warrant. The instruction plainly states that if the defendants, "or either of them," did not so inform the plaintiff. The concluding part of the instruction, to which the second objection is directed, is erroneous. From the language used, the jury must have understood that both defendants would be trespassers, and would be liable in damages if either one of them shot and injured the appellee, without reference to the part taken in the transaction by the other defendant, or whether he was a party to it or not. It only remains to be seen whether it

can be said that the error was not harmful to appellant Stuck.

In an early case the rule is stated that "the misdirection of the judge is no cause for setting aside a verdict, which is in accordance with the weight of testimony ·and with justice." *Harris* v. *Doe,* 4 Blackf. 369.   See *Roberts* v. *Nodwift,* 8 Ind. 339.   In *Brooster* v. *State,* 15 Ind. 190, it is held that an erroneous instruction will not be allowed to reverse the judgment if "the evidence plainly sustains the finding of the jury."   In *Whitworth* v. *Ballard,* 56 Ind. 279, it is said:   "A judgment will not be reversed for intermediate errors, when the record upon the whole case shows it to be right on its merits."   In *Cassady* v. *Magher,* 85 Ind. 228, the rule is:   "Where the evidence clearly sustains the finding of the jury, the judgment will not be reversed on account of an instruction that may not be strictly correct."   The statute, §670 Burns 1901, says: "No, judgment shall be stayed or reversed, in whole or in part,   *   *   *   where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."   In *Swaim* v. *Swaim,* 134 Ind. 596, it is said: "If the verdict is correct upon the evidence, a cause will not be reversed upon an erroneous instruction." In *Wood* v. *Board, etc.,* 128 Ind. 289, it is said:   "Where the record affirmatively shows that the verdict is right upon the evidence the judgment will not be reversed because the court has erred in the instructions given to the jury."

The same rule has been expressed substantially in a number of other cases.   This rule can have but one meaning, and that is, if the decision reached is clearly supported by a preponderance of the evidence an erroneous instruction will not work a reversal; that is, the appellate tribunal must determine the weight of the evidence as did the trial court or jury, and uphold or overthrow the decision reached as it may determine where the preponderance lies. Applying this rule to the record in this case we can not say

that the evidence clearly sustains the finding of the jury. The testimony upon which depends Stuck's liability is conflicting, and we are not prepared to say that a preponderance is in favor of such liability. The rule should apply only when it clearly appears that the verdict is right upon the evidence.

But, it is argued, the court properly instructed the jury upon appellants' liability in other instructions, and that instructions must be considered as a whole, and it is sufficient if taken together they state the law correctly. It is true, other instructions above set out state the law correctly, but in none of them is the erroneous instruction withdrawn. These instructions indicate clearly that Stuck would not necessarily be liable if the injury was inflicted by Coons alone. But in the instruction questioned the jury were told in substance that Stuck would be liable for such an injury inflicted by Coons. Upon this point—a material one —the instructions are inconsistent. They are contradictory, and would necessarily tend to mislead the jury or leave them in doubt.

The Supreme Court has stated the rule to be that the error in giving an erroneous instruction is not cured by giving an instruction which correctly states the law; that "if such an instruction was given it would not cure the error. This could only be done by plainly withdrawing the instructions named from the jury. * * * Besides, if two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is a cause for reversal." *Wenning* v. *Teeple,* 144 Ind. 189; *Roller* v. *Kling,* 150 Ind. 159; *Pittsburgh, etc., R. Co.* v. *Noftsger,* 148 Ind. 101; *Chicago, etc., R. Co.* v. *Glover,* 154 Ind. 584.

Judgment reversed, with instructions to sustain appellants' motion for a new trial.