# Evansville & Terre Haute Railroad Company v. Clements.

[No. 4,695.  Filed April 6, 1904.]

RAILROADS.—*Injuries at Crossing.*—*Negligence.*—*Complaint.*— A complaint against a railroad company for injuries sustained by plaintiff by collision with defendant's train at a street crossing which averred that defendant maintained obstructions to the view of travelers approaching the crossing, failed to keep a watchman at the crossing to give warning of the approach of trains, ran the train at the speed of sixty miles an hour without sounding a whistle or ringing a bell, sufficiently charges negligence, since the failure to give any warning is of itself an act of negligence. *pp. 600, 661.*

VERDICT.—*Interrogatories and Answers.*— The general verdict will prevail over the answers to interrogatories, if there could have been, under the issues, proof of supposable facts not inconsistent with those specially found sufficient to sustain the general verdict. *p. 661.*

RAILROADS.— *Personal Injuries.*—*Instructions.*— An instruction in an action against a railroad company for injuries sustained by plaintiff at a public highway crossing to the effect that it was the duty of defendant to give the statutory signals when approaching the crossing of a public highway, and if there was a failure to do so, and the injury resulted therefrom, without negligence on the part of plaintiff, the verdict should be in his favor, is not objectionable as relieving plaintiff from the exercise of ordinary care. *p. 662.*

SAME.—*Highway Crossing.*—*Obstructions.*—A railroad track on a level with the highway is a warning of danger to a traveler approaching a crossing, and obstructions to the view of approaching trains admonish the traveler of the peril to which he is exposed. *p. 663.*

SAME.—*Highway Crossing.*—*Failure to Give Signals.*—*Duty of Traveler.* —The failure of an engineer in charge of an engine to sound the whistle or ring the bell upon the approach of a highway crossing does not relieve a traveler approaching the crossing from the exercise of ordinary care and prudence for his own safety. *p. 663.*

SAME.—*Obstructions.*—*Buildings on Right of Way.*—It is not negligence for a railroad company to maintain buildings upon its right of way reasonably necessary for the prosecution of its business. *p. 664.*

TRIAL.—*Instructions.*—A bad instruction is cured only by its withdrawal. *p. 664.*

From Knox Circuit Court; *O. H. Cobb*, Judge.

Action by Lawrence Clements against the Evansville & Terre Haute Railroad Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*J. E. Iglehart, Edwin Taylor, J. W. Emison* and *W. W. Moffett*, for appellant.

*W. A. Cullop* and *G. W. Shaw*, for appellee.

COMSTOCK, J.—The appellee brought this action against the appellant to recover damages for injuries to his person received in a collision with one of the appellant's passenger-trains at a street crossing in Oaktown, Knox county, Indiana. Judgment was rendered in favor of the appellee upon the verdict of the jury for $1,000. With their general verdict the jury returned answers to interrogatories. Motions by the appellant for a judgment on the answers to the interrogatories and for a new trial were overruled. The errors assigned relate to the overruling of these two motions and in overruling a demurrer to the complaint.

The complaint avers, in substance, omitting the formal parts, that the railroad of the appellee runs through the business and residence portion of Oaktown, a place of 600 inhabitants; that it intersects therein a much-traveled public highway, which runs east and west, the railroad running north and south; that on the north side of the street, and up to and along its line, and along and up its track on the east side, the appellee maintained a depot building twenty-five feet high, thirty feet wide, and sixty feet long, and north of the depot on its right of way a hand-car house twenty feet by twelve feet and twelve feet high; that these buildings obstructed the view of trains by travelers approaching the crossing from the east; that the plaintiff was driving a team along the highway from east to west, and approaching the crossing in a careful and prudent manner, stopping, looking, and listening, but neither seeing nor hearing a coming train; that while he was attempting to

cross over the crossing in a careful and prudent manner the defendant negligently ran one of its trains from the north, and approaching the crossing at a speed of sixty miles an hour, and without sounding any whistle or ringing any bell to warn travelers of its approach, collided with the plaintiff, throwing him a distance of twenty feet or more, and inflicting upon him permanent injuries; that had it not been for the obstructions, or if the defendant had given the proper signals, the collision would not have occurred. Negligence is also alleged on account of the failure to maintain a watchman at the crossing, and the injury is charged to have resulted from the above acts of commission and omission.

The objection made to the complaint is that it shows no actionable negligence, and that no negligent act producing the alleged injury is charged. It alleges that the train was run at a speed of sixty miles an hour without ringing bell, or sounding whistle, or giving any signal of its approach to a dangerous crossing. It charges substantially that the train was negligently run against appellee. Acts are charged as follows: maintaining obstructions to the view, failing to keep a watchman at the crossing to give warning, running at a high rate of speed without giving signal or warning, and it is averred that because of any and all of the acts of commission and omission the plaintiff was injured. The failure to give any warning is of itself an act of negligence, and the complaint is therefore sufficient to withstand a demurrer.

As to the motion for judgment on the answers to the interrogatories notwithstanding the general verdict, we need only allude to the rule that the general verdict prevails over the special findings if there could have been, under the issues, proof of supposable facts not inconsistent with those specially found, sufficient to sustain the general verdict; or, in other words, sufficient to reconcile the general verdict with the special answers. *Rhodius* v. *Johnson*, 24

Ind. App. 401, and cases cited; *Sponhaur* v. *Malloy*, 21 Ind. App. 287, and cases cited on page 300. The general verdict finds appellants negligent in failing to give the statutory warning signals. This is not contradicted by any facts specially found. It also finds appellee's freedom from fault. Even if we concede, for the purpose of the argument, that there are special findings in apparent conflict with the general verdict upon the question of appellee's negligence, we can not say that under the issues proof of supposable facts could not have been made sufficient, with the facts found, to reconcile the general verdict with the answers to interrogatories.

Certain instructions, to which we will refer, were given to the jury, and exceptions duly taken. Instruction one in effect informed the jury that it was the duty of the defendant to give the statutory signals when approaching the crossing of a public highway, and if there was a failure to do so and injury occasioned therefrom, defendant would be guilty of negligence, and that, if the jury believed from the evidence that the engineer or person in charge of the engine from which the accident occurred failed to sound the whistle or ring the bell, and that if by reason of such failure the accident occurred, and the plaintiff was injured without negligence on his part, the verdict should be in his favor. The objection is made to this instruction that it relieved appellee from the exercise of reasonable and ordinary care under the existing conditions. We do not so understand the instruction. It only designates certain acts of appellant as negligent.

The conclusion of the second instruction is as follows: "So that in this case, if you find from the evidence that the plaintiff on approaching the crossing on the highway exercised due care and employed his senses of seeing and hearing to ascertain if the train was approaching, and thereby avoid danger, and if you further find that he could not see the train because of obstructions, and that he did not hear it

because there was no signals, and that he did not know a
train was approaching—then the plaintiff would be just-
ified in presuming that there was no train approaching, and
that he could pass over the crossing in safety." The objec-
tion urged is that, if the plaintiff knew of obstructions to
the view, he had no right to assume that he could cross in
safety.

The railroad track on the level with the highway is itself
a warning of danger. Obstructions to the view admonish
the traveler of the peril to which he is exposed. Caution
must always be exercised commensurate with the known
danger. The failure of the engineer to sound the whistle
or ring the bell does not relieve the person approaching the
highway from the use of care and ordinary prudence for his
safety. What is ordinary care in one case would not be ordi-
nary care in another under a different state of facts. "In
proportion as the danger increases must the vigilance of the
person attempting to cross increase." *Oleson* v. *Lake
Shore, etc., R. Co.,* 143 Ind. 405, 32 L. R. A. 149, and
cases cited; *Towers* v. *Lake Erie, etc., R. Co.,* 18 Ind. App.
684, and cases cited.

In instructions six, eleven, twelve, and thirteen the court
instructed the jury upon the question of appellant's negli-
gence, in substance, that they might consider, among other
facts, whether or not the appellant kept a watchman at
said crossing, and whether or not it permitted and main-
tained any obstructions on its right of way. It was not
negligent for the appellant to maintain buildings upon its
right of way reasonably necessary for the prosecution of its
business. The law did not impose upon appellant the duty
of maintaining a watchman, yet from the parts of the in-
struction referred to the jury might reasonably infer that
the maintenance of the buildings and the failure to main-
tain a watchman were acts of negligence for which it was
liable. "No weight can properly be given to the finding
that the failure of defendants to have a light or flagman at

the sidewalk crossing, to warn plaintiff of the approach of the locomotive, is negligence." *Winchell* v. *Abbot,* 77 Wis. 371, 46 N. W. 665.

Said instruction twelve concludes as follows: "If such obstruction, so placed there by the railroad company, would prevent a person traveling upon said highway from both seeing and hearing an approaching train, then it would be useless on his part to look and listen for an approaching train. The law would not require him to do that useless act, and therefore he would be excused for not doing so." The instruction excuses appellee, because of the obstruction named, from exercising reasonable care for his own safety. Within sight, if not within hearing of danger—for the crossing was itself warning of danger—the jury were told that appellee had no duty to perform, since to look and listen would be useless. The jury might fairly be misled into the belief that appellee, failing, as he testified, to see or hear the approaching train at a distance of sixty feet from the crossing, under the circumstances related, might, without further regard for his safety, proceed upon his way. This was error. Upon the part of appellee it was claimed that the error of these instructions is cured by others given. This we can not concede. A bad instruction is cured only by its withdrawal.

Because of said instructions, and for the reason that we are not prepared to say, from the record, that a right result has been reached, the judgment is reversed, with instructions to sustain appellant's motion for a new trial.

Roby, J.—I concur upon the ground that it was the duty of the traveler to use reasonable care to avoid collision, notwithstanding any negligence of the railroad company.