# THE HOLLIDAY & WYON COMPANY *v.* O'DONNELL, BY NEXT FRIEND.

[No. 7,841.  Filed April 16, 1913.  Rehearing denied June 27, 1913.]

1. APPEAL.—*Assignment of Errors.—Joint Assignments.—Ruling on Demurrer.*—Where a complaint consists of more than one paragraph, no reversible error is presented by an assignment questioning the ruling on the demurrer to the entire complaint, if either paragraph is sufficient. p. 99.
2. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.—Sufficiency.*—In a servant's action for personal injuries, a complaint alleging that plaintiff, when injured, was seventeen years old and had theretofore been employed in and about defendant's business as a general chore boy, that he had never worked in or

about machinery and knew nothing about the operation of machinery, that on the day of the injury plaintiff was carelessly and negligently taken from his usual and ordinary work and directed by defendant to take charge of and operate a straw-cutter, which was dangerous to operate, "he the said plaintiff having no instruction" as to the construction and operation of such machine and had no knowledge of the dangers and perils attending its operation, that defendant well knew or by the exercise of reasonable care could have known of the ignorance and inexperience of plaintiff, and that immediately after entering upon the work of operating such machine, through and by reason of the carelessness and negligence of defendant in placing him at work at such machine, and in failing and neglecting to instruct and warn him, and by reason of his ignorance and inexperience, plaintiff was caught and cut by the knives upon the machine, sufficiently avers defendant's failure to warn and instruct and is sufficient to withstand a demurrer.  p. 99.

3.  APPEAL.—*Review.—General Verdict.—Answers to Interrogatories.*—In determining whether the general verdict is overcome by answers to interrogatories, the court on appeal looks only to the interrogatories and answers thereto, the pleadings and general verdict, and the general verdict must prevail if it and the answers can be reconciled on any supposable state of facts provable under the issues.  p. 101.

4.  EVIDENCE.—*Experts.—Competency.*—Where a witness testified that he had operated the machine on which plaintiff was injured, that he was acquainted with such machine and the character of the work required to be done on it, and that he knew its location and surroundings and that it was a dust-creating machine, he was competent to give his opinion as an expert as to whether an exhaust fan could have been attached to the machine so as to carry off the dust without interfering with its use.  p. 101.

5.  EVIDENCE.—*Experts.—Competency.—Weight.*—Mere insufficiency of knowledge by an expert on which to base an opinion affects the weight rather than the competency of such evidence.  p. 102.

6.  MASTER AND SERVANT.—*Injuries to Servant.—Practicability of Attaching Exhaust Fan to Machine.—Evidence as to Similar Machines.*—To render evidence competent that a machine, similar to one that an employe has been injured upon, had attached to it an exhaust fan, for the purpose of showing the practicability of attaching an exhaust fan to the one on which he was injured, it must be shown that the machine on which the fan was used and all the conditions and surroundings, and the operation of the fan therewith, and its effect on the operation and usefulness of such machine, were practically the same as in the case of the machine on which the injury occurred.  p. 102.

7. MASTER AND SERVANT.—*Injuries to Servant.—Instructions.—
Omitting Issues.—Contributory Negligence.*—In a servant's action
for personal injuries, an instruction that a risk of injury either
from the nature of the appliances used or the method employed in
their operation, even if open or apparent, may not be appreciated
where an employe, hired for simple manual labor in connection
with which machinery is not used, is suddenly put at work
without instructions where machinery is being operated, and
that it is for the jury to say whether plaintiff's intelligence and
experience were such that, in setting him to work on the ma-
chine where he was injured, it was defendant's duty to call his
attention to the dangers, and stating that if such was defend-
ant's duty, and it failed, defendant is liable, is not objectionable
as ignoring the element of contributory negligence, since con-
tributory negligence is a defense and the instruction merely
purported to tell the jury when liability would result from
defendant's negligence, and especially is the omission harmless
in view of the other instructions given.  p. 103.

8. NEGLIGENCE.—*Nonperformance of Duty.—Liability.—Proximate
Cause.*—The mere failure to perform a duty will not create lia-
bility unless such failure is the proximate cause of the injury
complained of.  p. 104.

9. NEGLIGENCE. — *Instructions. — Omission of Issues. — Proximate
Cause.—Curing Error.*—Error in omitting the element of proxi-
mate cause from an instruction purporting to tell the jury when
liability would result from defendant's negligence cannot be
cured by other instructions, and can be cured only by a with-
drawal of such instruction.  p. 104.

10. NEW TRIAL.—*Misconduct of Counsel.—Improper Argument.*—
Where, in a servant's action for personal injuries sustained in
the operation of a machine, the court had excluded testimony of
a witness, who had operated the machine since plaintiff's injury,
as to what had become of his hand, the fingers of which had
been cut off, the conduct of counsel for plaintiff in argument, in
calling the jury's attention to the witness and to the fact that he
had operated the machine and had lost his fingers, was an at-
tempt to get the benefit of excluded testimony and to improperly
influence the verdict, and constituted such misconduct as would
authorize the granting of a new trial under subd. 2, §585 Burns
1908, §559 R. S. 1881.  pp. 105, 107.

11. MASTER AND SERVANT.—*Injuries to Servant.—Evidence.—Ad-
missibility.*—In a servant's action for personal injuries sus-
tained in the operation of a machine, evidence of prior accidents
resulting from the same cause is admissible to show knowledge
on the part of the defendant as to the defect or condition on

which negligence is predicated, but evidence as to subsequent accidents is inadmissible for any purpose. p. 106.

12. APPEAL.—*Review.—Argument of Counsel.—Discretion of Trial Court.*—While the manner of conducting the argument of a case is largely a matter of discretion lodged with the trial court, where the record disclosed that counsel in his argument was guilty of misconduct harmful to the opposing party, and that proper but unavailing effort was made to obtain relief from such harm, the court on appeal will grant relief. p. 107.

13. APPEAL.—*Review.—Improper Argument.—Prejudicial Effect.*— Counsel guilty of misconduct in argument, consisting in getting before the jury the effect of excluded evidence, must be deemed to have thought that such evidence was beneficial to his client, and is in no position to claim that such misconduct was not prejudicial to the opposite party, in the absence of some action on his part, or by the court, which operated to cure its effect. p. 108.

14. NEW TRIAL.—*Misconduct of Counsel.—Improper Argument.*— Misconduct of counsel in making improper argument which tends to prejudice and harm the cause of the defeated party, where such improper remarks were not withdrawn from the jury, furnishes a proper ground for new trial. p. 109.

15. APPEAL.—*Review.—Duty to Correct Error.*—It is the duty of the court on appeal to correct harmful error that is properly presented and relied upon, and a failure to do so cannot be justified because of hardship and delay attendant on a reversal. p. 109.

16. MASTER AND SERVANT.—*Injuries to Servant.—Complaint.*—A complaint in a servant's action for personal injuries, proceeding on the theory that each and all the acts of negligence averred caused the injuries, should show a causal connection between each of such acts and the injuries. p. 109.

From Hancock Circuit Court; *Robert L. Mason*, Judge.

Action by Terry O'Donnell, by his next friend, Daniel O'Donnell, against The Holliday & Wyon Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Wm. A. Ketcham* and *Joseph W. Hutchinson*, for appellant.

*George W. Galvin*, for appellee.

HOTTEL, J.—This is an appeal from a judgment for $5,000 damages recovered by appellee against appellant on account of personal injuries alleged to have been sustained from

appellant's negligence. The errors assigned and relied on for reversal are: (1) error in overruling the demurrer of the appellant to the last amended complaint; (2) error in overruling the motion of appellant for judgment in its favor on the answers to interrogatories notwithstanding the general verdict; (3) error in overruling the motion of the appellant for a new trial. The amended complaint is in two paragraphs, and as the above assignment of errors questions the ruling on the demurrer to the entire complaint, if either paragraph be sufficient, no reversible error will be presented by such assignment.

A condensed statement of the allegations of the first paragraph is as follows: the defendant is a corporation engaged in the manufacture and sale of horse furnishings, in the city of Indianapolis. In its business it employs many men and uses divers and sundry machinery of a complicated and dangerous character, operated and run by electricity or steam. The plaintiff when injured was seventeen years old and prior to August 12, 1904, was employed by defendant in and about its place of business as a helper and general chore boy, doing all manner of common, ordinary labor requiring no particular skill or knowledge. He had never worked in or about machinery, or done any labor requiring him to operate any machine, but had been in school, and clerking in a store prior to his employment by defendant, and knew nothing about machines or machinery or straw-cutters operated by steam or electric power, all of which was well known to the defendant. "That on the 12th day of August, 1904, plaintiff was negligently and carelessly taken from his usual and ordinary work, * * * and directed by defendant to take charge of and operate a straw-cutter dangerous in its operation, being equipped with sharp knives and run by electricity, such work being outside the scope of plaintiff's employment, he the said plaintiff having no instruction as to the operation of the said straw-cutter as to its construction or as to its different parts, and had

no knowledge of the dangers and perils attending its operation, and no experience whatever with machinery of any kind or with the straw-cutter in question. The defendant at the time well knowing, or, by the exercise of reasonable care, could have known of the ignorance and inexperience of plaintiff, his immature years, his total unfitness and unpreparedness for the work assigned him, and of the dangers and perils attending the operation of such machine and of the peril it was placing him in. That plaintiff entered upon the work * * * and immediately thereafter was, through and by reason of the carelessness and negligence of defendant in placing him at work at such straw-cutter and in failing and neglecting to instruct and warn him, and by reason of his ignorance and inexperience, caught and cut by the knives upon the machine", etc.

In summing up its objections to the first paragraph, appellant insists that the only theory of negligence upon which it "can possibly stand is that of failure to warn and instruct," and that no averment of that fact is made "except by way of recital unless the characterization of the negligence in the concluding statement of the cause of injury be regarded as such averment." While this paragraph is, in a measure, open to the criticism made against it, yet, its averments, when taken in their entirety, necessitate the inference that appellant failed to warn and instruct appellee, and hence it was, in such particular, sufficient to withstand the demurrer. *Cleveland, etc., R. Co.* v. *Perkins* (1908), 171 Ind. 307, 313, 86 N. E. 405; *Malott* v. *Sample* (1905), 164 Ind. 645, 648, 74 N. E. 245; *Evansville, etc., R. Co.* v. *Darting* (1893), 6 Ind. App. 375, 33 N. E. 636; *Holliday & Wyon Co.* v. *O'Donnell* (1909), 44 Ind. App. 647, 657, 90 N. E. 24. When tested by the recent case of *Domestic Block Coal Co.* v. *De Armey* (1913), 179 Ind. 592, 100 N. E. 675, 102 N. E. 99, any doubt as to the sufficiency of such paragraph, in the respect mentioned, must disappear.

It is next insisted that the court erred in overruling ap-

pellant's motion for judgment on the answers to interrogatories. There are over ninety of these questions and answers. To set them all out, would unnecessarily extend this opinion. It is enough to say that they are not in such irreconcilable conflict with the general verdict as to necessitate its overthrow. In determining whether such answers 3. shall overthrow the general verdict, we look only to such interrogatories and the answers thereto, the pleadings and the general verdict, and where such answers and general verdict are reconcilable on any supposable state of facts provable under the issues, the general verdict must prevail. *Indianapolis Southern R. Co.* v. *Emmerson* (1913), 52 Ind. App. 403, 98 N. E. 895, 899, and cases there cited.

In discussing the ruling on the motion for a new trial appellant contends that the trial court erred in the admission of certain evidence over its objections. Thomas Harris, a witness for appellee was asked the following question: "I will ask you if an exhaust fan could have been attached to this straw-cutter or placed in this room or in connection with this room so as to carry off the dust created by this machine without interfering in any manner with the use of this machine?" To this question the appellant objected on the ground that the witness had not shown himself qualified to testify as an expert on the subject involved. Before this question was propounded to him, the witness had testified in effect that he had worked for appellant and had operated the machine on which appellee was injured; that he was acquainted with the machine and the character of the work required to be done on it; that he knew its location and surroundings and knew that it was a dust creating machine. While the evidence was meager on the question of the knowledge of such witness as an expert, yet there was not such a total absence of knowledge on the subject as would justify this court in saying that the admission of the evidence constitutes reversible error. Mere insufficiency of knowledge on which to base

an opinion, where an opinion is proper, affects the
5. weight rather than the competency of such evidence.

A similar question was put to George P. Davis, another witness for appellee, and for the same reason, we think, no reversible error resulted from permitting the answer thereto.

The appellee was questioned as follows: "Does that exhaust fan in that establishment (referring to Indianapolis Saddlery Company) interfere in any manner with the use of the machine?" This question and the answer sought to be elicited thereby were objected to by appellant for the following reasons among others, viz., (1) such question and answer would introduce into the record a collateral matter not germane to any issue in the case; (2) the question refers to a machine operated by another employer in a different factory and another place without any showing of similarity of location or surrounding conditions to the machine referred to in the complaint; (3) the question calls for a conclusion. The objections were overruled, to which ruling appellant excepted, and the witness answered. A. "None that I know of." Q. "Describe to the jury how that exhaust fan operated upon that machine in the Indianapolis Saddlery Company's establishment." To this question the above objections in substance were repeated with the additional objection that the question did not designate the machine to which it was intended to refer. The objections were overruled and exceptions properly saved and the witness answered: A. "Well, I don't know just the means of the operation of it, but it kept the room all clear of dust." Q. "Was the room clear of dust when the machine was in operation cutting straw?" To this question there was a similar objection and same ruling and exception above indicated and the witness answered: "Yes, sir." The
6. evidence sought and elicited by each of the questions could be admissible for but one purpose, viz., as tending to show that the machine on which appellee was

injured could have had attached to it an exhaust fan without in any manner interfering with its use.    To prove such fact, in the manner attempted, it was necessary, under the authorities, to show that the machine concerning which the inquiry was made and all the conditions and surroundings affecting its use and the use and operation of such fan in connection therewith, and its effect on the operation and usefulness of such machine, were practically the same as in the case of the machine here involved.    *Chicago, etc., R. Co.* v. *Champion* (1894), 9 Ind. App. 510, 514, 515, 36 N. E. 221, 37 N. E. 21, 53 Am. St. 357, and authorities cited.    We think the objections to each of the questions were in part at least well founded and should have been sustained.    Whether the admission of the evidence necessarily constitutes reversible error we need not and do not decide in view of the conclusion which we have reached on other questions involved.

Complaint is made by appellant of instruction No. 4 given at appellee's request which is as follows:    ''The court further instructs you that a risk of injury either from the nature of the appliances used or the method employed in their operation, even if open and apparent, may not be appreciated where an employee hired for simple manual labor with the performance of which he is familiar and in connection with which machinery is not used, is suddenly put at work without instructions where machinery, even if not mechanically complicated, is being operated, and it is for you to say whether the plaintiff's intelligence and previous experience were such that in setting him to perform work where he was seriously injured it was the defendant's duty to call his attention to the dangers attendant upon his position, and if it was its duty and it failed in performance it is liable.''    It is insisted that this instruction undertakes to tell the jury that under certain circumstances the appellant would be liable and that it omits entirely ''the element of lack of contributory negligence of plaintiff and also the element of proximate cause.''    Appellee in effect concedes

that the instruction is not a model and that it omits the elements indicated, but insists that other instructions supply both of the lacking elements and that when read in connection with the other instructions, no harm could have resulted to appellant, and therefore no reversible error is presented in its giving. True, the instruction does not in terms direct a verdict for the plaintiff upon the conditions set out, but the word *"liable"* as used therein was not well chosen and left the instruction open to such construction. Inasmuch as contributory negligence is a defense and the instruction did not attempt to state the facts necessary to appellee's recovery, but only attempted to tell the jury when liability would result from appellant's negligence, viz., from its failure to call appellee's "attention to the dangers attending upon his position," we would be inclined to the notion that no reversible error would result from the failure to include in the instruction the element that appellee should be free from negligence contributing to his injury, especially in view of the other instructions given in the case. When the subject-matter of the instruction is considered, the presence of the element of contributory negligence was probably not essential to a correct statement of the conditions of liability attempted to be defined by the instruction. A very different question, however, is presented by the omission of the element of proximate cause. The mere failure to perform a duty will not create liability unless such failure results in and is the proximate cause of the injury complained of. An error of this kind cannot be cured, by giving other instructions which are correct, but can only be cured by a withdrawal of the erroneous instruction. *Cleveland, etc., R. Co.* v. *Snow* (1906), 37 Ind. App. 646, 654, 77 N. E. 908; *Monongahela River, etc., Co.* v. *Hardsaw* (1907), 169 Ind. 147, 153, 81 N. E. 492; *Stuck* v. *Yates* (1903), 30 Ind. App. 441, 446, 66 N. E. 177; *Roller* v. *Kling* (1898), 150 Ind. 159, 163, 49 N. E. 948; *Pittsburgh, etc., R. Co.* v. *Noftsger* (1897), 148 Ind. 101, 109, 47 N.

E. 332; *Hauger* v. *Benua* (1899), 153 Ind. 642, 647, 53 N. E. 942; *Nickey* v. *Stueder* (1905), 164 Ind. 189, 196, 73 N. E. 117; *Evansville, etc., R. Co.* v. *Clements* (1904), 32 Ind. App. 659, 664, 70 N. E. 554.

It is further insisted by appellant that reversible error resulted from misconduct of one of appellee's counsel in his argument of the case to the jury. The conduct relied 10. on, and the efforts of appellant to get the trial court to relieve it from the injurious effect thereof, can best be presented by setting out in the opinion the transaction substantially as shown by the bill of exceptions in the record. During the progress of his argument counsel said: "Did you see that man Davis on the witness stand, did you see him there with his hat in his lap and his right hand back on his hat, and raising that hand to his face where he had those fingers cut off down to the palm of his hand?" Counsel for defendant here objected to the language so used stating that it was not within the issues of the case, and moved the court to withdraw it from the jury and to set aside the submission of said cause to the jury. In ruling on such objection the court made the following statement in the presence of the jury, to wit: "He has a right to argue from cause to effect. The objection will be overruled and motion to discharge the jury will be overruled." Proper exceptions were saved as to each of said rulings. Immediately thereafter the attorney resumed his argument to the jury and used the following language: "And did you further see this man Davis as he sat on the witness stand with the forefinger of his left hand gone?" To this statement the defendant again objected and moved the court to withdraw the same from the jury, and also to withdraw the statement previously made and above set out, for the reason that such statements were not within the issues or the evidence and not proper argument, and moved the court that the statements be withdrawn from the jury and the jury be instructed to disregard them. These objections and motions were each

overruled and exceptions properly saved. Immediately thereafter the attorney resuming his argument used the following language: "And did you see that same Davis that was on the witness stand with that same hand that had the fingers off, tell you that he removed the straw from this same feed box?" To this language appellant addressed objections, motions and reasons therefor substantially the same as above, all of which were overruled by the court and exceptions properly saved. That immediately thereafter the attorney resuming his argument to the jury, used the following language: "If I were violating the rules of argument this court wouldn't permit me to make assertions before this jury." Appellant again repeated its objections and motions (above set out) and gave its reasons therefor substantially as before stated and the court overruled each objection and motion to each of which rulings appellant properly excepted.

When the witness Davis, referred to in said argument, was on the stand he testified that he had been in the employ of appellant and had worked on the machine in question but his evidence showed that such employment and work was after appellee's injury. Appellee asked the witness what became of his hand. This evidence was excluded. Appellee insists, in effect, that the evidence was improperly excluded, and that for this reason no reversible error can be predicated on the conduct of the attorney, even if it be conceded as appellant contends, that by such argument the attorney attempted to get before the jury the evidence which had been improperly excluded. Appellee relies on the cases of *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 92 N. E. 337, and others of similar import. These cases hold in effect, that in a proper case, prior accidents resulting from the same cause as that relied on in the case in suit may be shown for the purpose of showing knowledge on the part of the person charged with the defect or condition on which negligence is predicated, but we find no authority that holds that subsequent accidents can be

proven for any purpose. The trial court properly excluded the evidence in the first instance and we are unable to reconcile this ruling with its refusal to withdraw from the jury the remarks made by counsel in his argument after proper objection was made thereto. This argument was an effort on the part of counsel to get before the jury and to do, by indirection, the very thing which the court expressly held he could not directly do. It was an attempt to get the benefit of evidence which the court had held was improper and inadmissible, and to thereby influence the verdict of the jury by a matter outside of the record and was therefore misconduct of counsel within the letter and spirit of the statute which provides that misconduct of a party may be cause for new trial, and the decisions construing the same. Subd. 2, §585 Burns 1908, §559 R. S. 1881; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 440, 67 N. E. 183, and authorities cited.

It is insisted by appellee that the manner of conducting the argument of a case is largely a matter of discretion lodged with the trial court, and that the record in this case fails to show any abuse of discretion that resulted in harm to appellant. The following cases are relied on by appellee. *Thomas Madden, Son & Co.* v. *Wilcox* (1910), 174 Ind. 657, 91 N. E. 933; *Adams* v. *State* (1912), 179 Ind. 44, 99 N. E. 483; *Cleveland, etc., R. Co.* v. *Clark* (1913), 52 Ind. App. 646, 99 N. E. 777. While these cases, and others that might be cited, hold that "the argument of a cause is a matter within the discretion of the trial court and that it is only when there is an abuse of that discretion that the appellate courts will interfere," we have found no case where the appellate tribunal refused relief when it was shown by the record that counsel in his argument was guilty of misconduct harmful to the opposing party and that proper but unavailing effort in the court below was made by the injured party to obtain relief from such harm. Counsel is

in no position in this case to insist that no harm or influence prejudicial to appellant resulted from his conduct. He must have thought, when he offered the evidence, that it would be beneficial to his client's cause, else why did he offer it? He seemed so impressed with the idea of its beneficial influence that he was not satisfied with an exception to its exclusion, but persisted in getting it before the jury in his argument. These efforts and conduct of counsel are wholly inconsistent with his present claim that no harm resulted from the alleged misconduct, unless he can point to some action on his own part, or that of the trial court, which can be said to have cured or prevented such harm. We find nothing in the record that even tends toward such a result. The only instruction to which our attention has been directed, claimed by appellee to have any bearing on the question is instruction No. 19 which follows: "Argument of counsel is a part of the trial of the case, and it is intended, not to determine the law, or the facts of the case, but to aid the jury in arriving at correct conclusions as to what is established by the evidence, and to properly apply the law thereto as given by the court. The statements of counsel in argument are not to be taken as evidence, but counsel have the right to state their views of the law of the case and apply the law to the facts they claim to be proven by the evidence in the case. They may use illustration, construe and apply the law, weigh, analyze and apply the evidence, and call attention to familiar laws of nature and the conduct and ways of men. They may also discuss the credibility of witnesses, reason from cause to effect and state their conclusions. The jury should consider the argument in so far as it aids in recalling, understanding and applying the evidence and the law of the case from the law as given by the court and the evidence as given by the witnesses." We are unable to discover in this instruction any effort to withdraw or to relieve from prejudicial influence the remarks of counsel concerning which complaint was made. If the evidence

of the witness Davis relative to the injury to his hand when offered had been admitted, and exceptions properly saved, and the ruling on the admission of such evidence presented to this court, we would, under the law, be required to reverse the case on account of such error unless we could say that the record affirmatively disclosed that no harm resulted from its admission. Is appellee in any better position to say that a reversal should not be granted on account of the prejudicial influence of such evidence because it was gotten before the jury in the indirect and questionable way indicated by the record in this case? The conduct of counsel tended to prejudice and harm appellant's cause and for this reason the remarks should have been withdrawn by counsel or the court, and this not having been done, it furnished a proper ground for new trial. The error should be corrected somewhere, and the trial court having failed to do so, and the question being properly presented to this court, the law makes it its duty to correct. The hardship and delay of a second reversal suggested by counsel is unfortunate and must be regretted, but it furnishes no valid or legal ground or reason for the refusal of the court to reverse a case where the record discloses harmful error properly presented and relied on for such reversal.

Other questions have been presented by appellant, but these we need not discuss, as they will not likely arise on another trial. In this connection, however, we suggest with reference to the second paragraph of complaint, that if it was intended to charge as the cause of appellee's injury each and all of the acts of negligence therein averred, including those charging negligence in changing appellee from a safe to an unsafe place to work and failure to warn, etc., as is indicated in appellee's brief, such paragraph had better be amended so as to show a causal connection between each of such acts and such injury. The averments now in the paragraph show at most only a causal

connection between such injury and appellant's alleged negligence in its failure to provide an exhaust fan, viz., that appellee while operating said machine was required to remove the straw and clean out the chute and while performing such act "*by reason of the dust and the impairment of his vision* his hand came in contact with the knives of said machine and the same was cut."

Judgment reversed with instructions to the court below to grant a new trial and for any further proceedings not inconsistent with this opinion.

Ibach, C. J., Felt, P. J., Adams, Lairy, Shea, JJ., concur.

NOTE.—Reported in 101 N. E. 642. See, also, under (2) 26 Cyc. 1393; (3) 38 Cyc. 1927; (4) 17 Cyc. 39; (6) 17 Cyc. 283; (7) 26 Cyc. 1494, 1507; (8) 29 Cyc. 488; (9) 38 Cyc. 1782; (10) 29 Cyc. 774; (11) 26 Cyc. 1429; (12) 38 Cyc. 1509; (13) 38 Cyc. 1494; (16) 26 Cyc. 1389. As to proximate and remote cause generally, see 36 Am. St. 807. As to misconduct of counsel in argument warranting reversal, see 9 Am. St. 559. As to when opinions of nonexperts are admissible, see 30 Am. St. 38.