PORTER v. ELLIS.

SAME v. TITUSVILLE FRUIT & FARM LANDS CO.

(Circuit Court of Appeals, Fifth Circuit. January 25, 1915.)

Nos. 2676, 2677.

MASTER AND SERVANT ⊂⇒157—DUTY OF MASTER—WARNING—USE OF DANGEROUS SUBSTANCE.

An instruction by a master to an inexperienced servant to take dynamite caps and fuse and to explode dynamite charges therewith does not necessarily inform the servant of the danger from allowing sparks from the lighted fuse to come in contact with caps other than the one to which it was attached, and the master is liable for failing to give warning of such danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 303; Dec. Dig. ⊂⇒157.]

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Actions by Raymond L. Porter against E. W. Ellis and against the Titusville Fruit & Farm Lands Company. Judgment for the defendant in each action, and plaintiff brings error. Reversed and remanded.

Charles M. Cooper and Charles P. Cooper, both of Jacksonville, Fla. (J. J. G. Cooper, of Jacksonville, Fla., on the brief), for plaintiff in error.

A. W. Cockrell, Jr., and Alston Cockrell, both of Jacksonville, Fla., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and MAXEY, District Judge.

WALKER, Circuit Judge. The defendant in error in each of these cases is sought to be charged with the liability which one engaged in a dangerous occupation incurs by his negligent failure to inform his employé engaged therein of the dangers accompanying the task to which the latter is assigned, of which he remains in ignorance and suffers in consequence. Mather v. Rillston, 156 U. S. 391, 15 Sup. Ct. 464, 39 L. Ed. 464; Louisville, etc., Ry. Co. v. Frawley, 110 Ind. 18, 9 N. E. 594. It may be conceded that the direction which the several counts of the amended complaint show was given to the plaintiff—to take certain fuse and dynamite caps of the defendant and with the same explode dynamite charges and blow up and remove certain designated trees—carried information that fire transmitted through the fuse to a dynamite cap and charge would cause a dangerous explosion. But it does not seem to a majority of the court that it can properly be said that to one unfamiliar with such things, as the plaintiff, whose regular employment was that of a first relief or assistant engineer of an excavator machine, was alleged to have been at the time he was hurt, this direction necessarily imparted information of the danger arising from the proximity to the lighted fuse of dynamite caps other than the one with reference to which the fuse was

⊂⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

219 F.—56

placed and lighted, or made him aware of the necessity of caution in having such other caps far enough away to avoid the danger of their being exploded by sparks from the lighted fuse.

It is the opinion of the majority of the court that the averments of the several counts of the complaint, as it was amended, fairly negative knowledge on the part of the plaintiff of the last-mentioned danger, arising from the presence near him, when he lighted the fuse, of the other dynamite caps furnished to him, and show the existence of states of fact which charged the defendant with the duty of giving warning of that danger, which was one incident to the task to which the plaintiff was assigned, but was unknown to him, and that the defendant's failure to inform the plaintiff of the danger from that source was such negligence on its part as to charge it with liability. It requires a very hypercritical construction of the complaint to infer from its averments that the plaintiff realized that, at the place where he left them, the caps not intended to be exploded were likely to be set off by sparks from the fuse. An inexperienced person may be liable to expose himself unnecessarily to danger from the proximity of dynamite caps other than the one in connection with which a fuse is used, unless that danger is called to his attention and he is instructed how to avoid it. The averments of the complaint are to the effect that the plaintiff did incur such danger as a result of his ignorance of it and of the defendant's negligent failure to give him the needed information and instructions on the subject. The conclusion is that the complaint as amended was not subject to demurrer on any of the grounds assigned.

It follows that the judgment must be reversed, and the cause be remanded.