PORTER v. TITUSVILLE FRUIT & FARM LANDS CO.

(Circuit Court of Appeals, Fifth Circuit.  January 17, 1917.)

No. 2902.

1. MASTER AND SERVANT ⬤⇒154(1)—WARNING SERVANT—DANGER KNOWN TO SERVANT.

An employer engaged in a dangerous occupation is not obliged to warn an employé, where the latter is aware of the danger accompanying his work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 308; Dec. Dig. ⬤⇒154(1).]

2. MASTER AND SERVANT ⬤⇒154(1)—WARNING SERVANT—DANGER KNOWN TO SERVANT.

An employer will not be held negligent for failure to warn his employé of dangers accompanying his work, where from the circumstances, a fair-minded person would have concluded that the employé knew of the danger, and misleading conduct or statements of employé may warrant such a conclusion.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 308; Dec. Dig. ⬤⇒154(1).]

3. MASTER AND SERVANT ⬤⇒286(40)—WARNING SERVANT—DANGER KNOWN TO SERVANT.

Where fair-minded persons might draw different conclusions as to an employé's knowledge of dangers incident to his work, or the lack of it, the employer cannot, as a matter of law, be held free of negligence in assuming employé's knowledge of danger and not warning him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1044; Dec. Dig. ⬤⇒286(40).]

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. **MASTER. AND SERVANT** ⊚⟹286(40)—**WARNING SERVANT—DANGER KNOWN TO SERVANT—EVIDENCE.**

Plaintiff, having once assisted in blasting where charge was exploded by electricity, told employer that he thought he could do blasting with fuse, whereupon the employer did not warn him of danger of caps being exploded by sparks from fuse, and plaintiff was thereby injured. *Held,* that question of defendant's negligence in assuming that plaintiff knew danger, and of not warning him, should have been submitted to jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1044; Dec. Dig. ⊚⟹286(40).]

5. **MASTER AND SERVANT** ⊚⟹154(2)—**WARNING SERVANT—DANGER KNOWN TO SERVANT.**

Statement by a fellow workman that plaintiff ought not to carry explosive caps when blasting did not necessarily warn plaintiff of danger of explosion from leaving such caps lying around near scene of blasting.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 309; Dec. Dig. ⊚⟹154(2).]

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Raymond L. Porter against the Titusville Fruit & Farm Lands Company. Judgment upon instructed verdict for defendant, and plaintiff brings error. Reversed.

See, also, 219 Fed. 881, 135 C. C. A. 604.

Chas. M. Cooper and Chas. P. Cooper, both of Jacksonville, Fla., for plaintiff in error.

Alston Cockrell and A. W. Cockrell, Jr., both of Jacksonville, Fla., for defendant in error.

Before PARDEE and WALKER, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. As shown by the opinion rendered when this case was here on a former writ of error, the personal injuries complained of by the plaintiff in error were attributed to alleged breaches by the defendant in error of the duty owing by an employer engaged in a dangerous occupation to inform his employé engaged therein of the dangers accompanying work to which the latter is assigned, of which he is not otherwise apprised. Porter v. Titusville Fruit & Farm Lands Co., 219 Fed. 881, 135 C. C. A. 604. The judgment now presented for review followed the granting by the court of a motion, made when the plaintiff rested, for an instructed verdict in favor of the defendant. Evidence introduced by the plaintiff below tended to prove the following state of facts: In January, 1912, when the plaintiff was just past 20 years of age, he was injured as a result of the explosion of dynamite caps which he had placed near by just prior to his lighting a fuse inserted in a cap attached to dynamite used to blow up a stump, the explosion of the caps being caused by a spark or sparks emitted from the burning fuse. At that time the plaintiff had been working for the defendant corporation several months, having been employed as an assistant on a ditching machine, used for digging drainage ditches. For several days before he was

hurt the plaintiff was engaged in making some repairs on that machine, which was not then being operated. He got through with the work on the machine, and also some other work to which he was assigned, the day before he was hurt, and during the evening of that day, in a telephone conversation with Mr. Ellis, an officer or employé of the defendant, who directed employés what work to engage in, he told the latter that he had finished the work on the machine and the other work, and asked what he should do the next day. Ellis asked the plaintiff if there were not some cabbage palms that could be blown up from the ditch so as to prepare ahead. The plaintiff replied that there were, but that the battery that had been used in the blasting work had been taken over to the rock quarry. Ellis then told the plaintiff that there were some fuse and caps at the camp, where the plaintiff was, and that the plaintiff's brother (who was at the camp) would give them to the plaintiff, and asked the plaintiff if he could use them, and the plaintiff said he thought he could. Ellis then told the plaintiff to take one of the men at the camp to help him. The plaintiff had never had any experience in the particular kind of blasting work to which Ellis assigned him. The only experience in blasting work he had had was that during part of one previous day, while he was working for the defendant, he assisted in blasting, when an electric battery was used to explode the cap, the explosion being effected by means of a wire connecting the battery, about 150 feet away, with the cap attached to the dynamite to be exploded. He did not know that caps unconnected with the fuse, but left not far from it, were liable to be exploded by sparks from the burning fuse. He thought that the danger was in the dynamite, and did not understand that the caps contained a dangerous explosive. Ellis did not inquire whether the plaintiff had experience in the kind of work to which he was assigned, and the plaintiff was given no warning or instructions about the danger mentioned or how to avoid it. The next morning the plaintiff took L. R. Houghton, his cousin, who was working for the defendant, to bore the holes for him, and went out to do the blasting as indicated by Ellis. While the two were engaged in the work, and before the plaintiff was hurt, Houghton told the plaintiff that he "hadn't ought" to carry the caps around with him. It was not made to appear that Houghton at that time understood the danger of a cap some distance off being exploded by a spark from the fuse.

[1, 2] The duty of an employer engaged in a dangerous occupation to give warning of dangers accompanying the task to which an employé is assigned is not owed when the latter is aware of and appreciates those dangers. And it may be assumed that the employer is not chargeable with negligence in failing to give warning where any fair-minded person, situated as he was when the direction for doing the work was given, would have concluded that the employé was informed of and appreciated the danger to which he would be exposed, and, further, that misleading conduct or statements of the employé may constitute a sufficient basis for such a conclusion.

[3] But where evidence adduced tends to show that the circum-

stances attending the assignment by the employer to the employé of the dangerous task in which the latter was engaged when he was hurt were such that fair-minded persons, situated as the employer was, might have drawn different conclusions as to the employé's knowledge and appreciation, or lack of knowledge and appreciation, of the dangers incident to the performance of the task, it is not within the province of the court to draw the inference of negligence, or the absence of it, on the part of the employer in making the assignment without giving warning of the danger. Casey-Hedges Co. v. Oliphant, 228 Fed. 636, 143 C. C. A. 158.

[4] Was the undisputed evidence such as to show that any fair-minded person, in the situation of the employer's representative, Ellis, when he directed the plaintiff to do the blasting, must have concluded or assumed that the latter needed no warning, because he already was aware of the danger of the work he undertook to do? A finding that Ellis justifiably so concluded or assumed must have been based upon the evidence of the fact, presumably known to him, of the plaintiff's former participation in blasting work, or upon that to the effect that, when it was suggested to the plaintiff that he undertake the work he was engaged in when he was hurt, he said he thought he could do it. We discover nothing in the evidence to preclude a finding that the danger arising from the proximity to a lighted fuse of dynamite caps other than the one with reference to which the fuse was placed and lighted was one that may not have been disclosed to an inexperienced person engaged in blasting operations as carried on when the plaintiff previously had taken part in such work, as the use of the battery on that occasion dispensed with the necessity of any one being near the fuse when it was lighted, with the result that there was a lack of opportunity to observe that caps near to, but not connected with, the fuse were liable to be exploded by sparks emitted therefrom. And certainly there was no necessary inconsistency between the plaintiff being ignorant of the danger mentioned and his thinking that he could do the work suggested. It is not deemed necessary to say more of the evidence than that we think it was such as not to exclude inferences that the plaintiff was unaware of the dangers to which he exposed himself, and that there was a negligent failure to warn him of the danger and of the necessity of caution in having dynamite caps other than the one to which the fuse was attached far enough away to prevent their being exploded by sparks from the lighted fuse. The evidence as a whole made the question of the defendant's negligence as charged one proper to be submitted to the jury under appropriate instructions.

[5] The evidence as to what Houghton said to the plaintiff about the latter carrying the dynamite caps around with him was not necessarily inconsistent with a conclusion that the plaintiff was not guilty of contributory negligence in having some other caps near by when he lighted the fuse attached to the one to be set off. A finding that that statement was not enough to bring home to the plaintiff an appreciation of the danger and of the necessity of taking the precaution of having caps not intended to be exploded beyond the reach

of sparks from the lighted fuse could not well be regarded as being so arbitrary and in the teeth of undisputed evidence as not to be permissible.

The conclusion is that it was error to take the case from the jury by granting the defendant's motion for a directed verdict.

The judgment is reversed.