### TITUSVILLE FRUIT & FARM LANDS CO. v. PORTER.

(Circuit Court of Appeals, Fifth Circuit.   March 18, 1918.)

No. 3183.

1. WITNESSES ⟲275(6)—CROSS-EXAMINATION OF PARTY—IRRELEVANT MATTER.

In an action for injuries received by a servant as a result of an explosion, the question whether a superior employé had previously accused the servant of negligence in using explosives was irrelevant, and properly excluded on the servant's cross-examination.

2. WITNESSES ⟲275(2)—CROSS-EXAMINATION OF PARTY.

In an action for injuries received by plaintiff, a servant, in an explosion, it was proper to exclude on his cross-examination a question as to whether his superior had told plaintiff that, during the superior's absence, he would not be required to use explosives, for, while the master could show previous warnings to plaintiff, the question was not framed so as to elicit that information, and the superior could not know what plaintiff would be required to do under the direction of another.

3. TRIAL ⟲203(1)—INSTRUCTIONS—ISSUES.

In an action by a servant, injured by the explosion of caps used to detonate dynamite, but which contained a dangerous high explosive other than dynamite, the refusal of a cautionary instruction, requested by the master, that the question whether dynamite is dangerous is not in issue was proper; the trial court not being bound to negative issues in no way involved, and nothing having occurred to lead jury to believe that such question was in issue.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Raymond L. Porter against the Titusville Fruit & Farm Lands Company. Judgment for plaintiff, and defendant brings error. Affirmed.

⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. W. Cockrell, Jr., Robert S. Cockrell, and Alston Cockrell, all of Jacksonville, Fla., for plaintiff in error.

Chas. P. Cooper, of Jacksonville, Fla., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. This writ of error presents for review a judgment in favor of the plaintiff in a case which has been in this court before. Porter v. Titusville Fruit & Farm Lands Company, 219 Fed. 881, 135 C. C. A. 604; Id., 238 Fed. 759, 151 C. C. A. 609. A reversal is sought because of asserted error in the action of the court in sustaining objections to two questions asked the plaintiff on his cross-examination and in refusing to give a charge requested by the defendant.

On his direct examination the plaintiff testified to the effect that a Mr. Ellis, an officer or employé of the defendant, who directed other employés what work to engage in, ordered the plaintiff to do specified blasting and to use dynamite caps and fuse in doing the work; that the plaintiff was ignorant of the danger from such caps, other than the one to which the fuse was attached, being exploded by sparks from the burning fuse, and was not warned of that danger, or instructed how to avoid it; and that he was injured in doing the work he was ordered to do by the explosion of some of the caps, which he left near by while he was preparing to set off a blast. In the course of his cross-examination it was brought out that on a former occasion, while he was an employé of the defendant, he had worked under a Mr. Davis, an employé superior to the plaintiff, but not to Mr. Ellis, having authority to give orders to the plaintiff. Exceptions were reserved to the action of the court in sustaining objections to the following questions asked the plaintiff by the defendant's counsel:

"Q. Don't you know that on that occasion Mr. Davis told you further that your carelessness a short time before in setting off dynamite there at the rock cut had come near causing the death of several people and that he didn't want you to have anything more to do with dynamite?"

"Q. Mr. Porter, didn't Mr. Davis, on that occasion, tell you that you would have nothing to do with dynamite while he was gone?"

[1] The first quoted question called for evidence, not of carelessness on the part of the plaintiff, but of Davis having charged him with carelessness. The fact that that question called for testimony of the entirely irrelevant fact of Davis imputing fault to the plaintiff, whether justly or not, is enough to prevent the sustaining of the objection to it being treated as a reversible error.

[2] The sustaining of the objection to the last quoted question is criticized on the ground that the effect of the ruling was to exclude evidence of the plaintiff having been warned of the danger to which he was exposed by obeying the order given to him by Ellis. It was disclosed that at the time the plaintiff was hurt Davis was absent on a business trip. It is not denied that it was permissible on the cross-examination of the plaintiff to elicit an admission by him that, before receiving and obeying the order given by Ellis, another representative

of the defendant, under whom he had formerly worked, had warned him of the danger from dynamite caps used in the way Ellis directed blasting to be done. The question under consideration was not so framed as to apprise the court that its object was to elicit such testimony. An affirmative answer to it would not have tended to prove that Davis warned the plaintiff of the danger of doing blasting in the way ordered by Ellis, or instructed him how to avoid such danger, but would have been an admission of the immaterial and irrelevant circumstance that Davis, before leaving, had made the statement that plaintiff would have nothing to do with dynamite while he (Davis) was gone, a fact in the future which could not have been known to Davis; the plaintiff being subject to the orders of another or others while Davis was away.

It is not reversible error to sustain an objection to a question which does not call for testimony material or relevant to any issue in the case. It is not made to appear that the action of the court with reference to the last quoted question had the effect of excluding evidence which the defendant was entitled to adduce. Davis was a witness for the defendant in the trial, and gave his version of what occurred on the occasion referred to in the questions to which objections were sustained.

[3] An exception was reserved to the refusal of the court to give the following charge, requested by the defendant:

"The question of whether dynamite is dangerous is not an issue in this case; the accident having occurred, not from dynamite, but from dynamite caps."

The statement of fact made in this charge was a correct one. The question of dynamite being dangerous was not an issue in the case. The plaintiff was hurt by the explosion of caps which contained a dangerous high explosive other than dynamite. No exception was reserved to the court's statement to the jury of the issues of fact in the case. It is not disclosed that anything occurred which was calculated to convey the impression to the jury that "the question of whether dynamite is dangerous" was an issue in the case. It is not denied that, if there had been such an occurrence, the court might properly have given such an instruction as the one embodied in the requested charge. But in the absence of any such occurrence it is not seen how the appellant could have been harmed by the court's refusal to give that charge. It is not a reversible error for a court to fail or refuse to negative the presence in a jury case of an issue of fact which has not been claimed or asserted to be involved in it. To hold that it is reversible error to refuse to give such a charge, when nothing has happened to mislead the jury as to the issues to be passed on by them, would open the door to requests for an indefinite number of unnecessary cautionary instructions.

The conclusion is that there was no reversible error in any ruling complained of.

The judgment is affirmed.